(No. 33385.—

THE VILLAGE OF ITASCA, Appellant, *vs.* WESLEY LUEHRING, Appellee.

*Opinion filed December 20, 1954.*

Rugen, Ligtenberg & Goebel, of Chicago, (John Ligtenberg, of counsel,) for appellant.

Albert L. Daniels, of Chicago, (George L. Bruckert, Jr., of counsel,) for appellee.

Mr. Justice Klingbiel delivered the opinion of the court:

The village of Itasca filed a complaint in the county court of Du Page County against Wesley Luehring, seeking penalties for defendant's failure to procure a broker's license as required by a village ordinance. Defendant answered, admitting that he was a real-estate broker, resided in the village, and had his principal place of business therein, but alleging that the ordinance is unconstitutional and void. The court found that the ordinance, in so far as it applies to brokers, is uncertain, incomplete and constitutes an unwarranted delegation of legislative power to the enforcing officer. The complaint was accordingly dismissed and judgment rendered for defendant. Plaintiff appeals directly to this court, on the ground that a constitutional question is involved.

Section 500 of the municipal code of Itasca of 1952 is entitled "License Required," and provides as follows: "It

shall be unlawful to conduct or operate any of the businesses named in the following section without having first obtained a license therefor or without paying the annual license fee provided herein. Applications for such licenses shall be made in compliance with the general provisions of the ordinances pertaining to such licenses." Section 501, entitled "Fees Required," contains a list of businesses for which a fee is required, and designates the annual fee for each. Appearing in the list is the designation "Brokers," for which a fee of $15 is prescribed. Section 503 imposes a fine of not less than one dollar nor more than one hundred dollars for each offense, and declares that a separate offense shall be deemed committed on each day during which a violation occurs or continues. Section 180 provides as follows: "Person subject to license.—Whenever in this code a license is required for the maintenance, operation or conduct of any business or establishment, or for doing business or engaging in any activity or occupation, any person, firm or corporation shall be subject to the requirement if by himself or through an agent, employees or partner, he holds himself forth as being engaged in the business or occupation; or solicits patronage therefor, actively or passively; or performs or attempts to perform any part of such business or occupation in the village."

Article 23 of the Revised Cities and Villages Act is a grant of powers therein enumerated to the corporate authorities of municipalities. Section 91 of that article gives to municipalities the power "to license, tax, and regulate * * * brokers * * *." (Ill. Rev. Stat. 1953, chap. 24, par. 23-91.) The question presented in this appeal is whether the ordinance by which plaintiff purported to exercise such power is so indefinite and uncertain as to deprive defendant of due process of law, and whether it unlawfully leaves to a ministerial officer the determination of the class to which it applies.

To sustain the judgment of the trial court appellee argues first that since the requirements of sections 500 and 501, standing alone, are not expressly confined to the territorial limits of the village they must apply to all brokers wherever located, and that "they are all inclusive, hence are indefinite and uncertain." The position is clearly untenable. It sufficiently appears from section 180 that the only persons subject to the license requirements are those whose business activities are conducted within the village. The fact that section 500 does not expressly confine its application to such territory does not warrant the interpretation urged by appellee. All laws should receive a sensible interpretation, and a penal ordinance will not be so literally construed as to produce an absurd result which, even though within its letter, is contrary to the obvious legislative intent.

It is argued further that under the provisions of section 180 the persons to whom the ordinance applies cannot be determined with reasonable certainty; that it is uncertain, for example, whether each partner of a Chicago brokerage house would be required to pay a license fee to the village if one partner solicited a client therein, or whether the ordinance would apply to a real-estate broker in another municipality who splits a commission with an Itasca broker on a sale closed by the latter for a client of the former, or whether it would apply to a Chicago real-estate firm which negotiates a sale of property located in Itasca for a client who lives in Chicago. Other examples of hypothetical situations are cited in support of the contention that the language of section 180 renders the ordinance unconstitutionally vague and indefinite. We cannot, however, entertain such objections to the constitutionality of an ordinance where, as here, the party asserting them is in no manner aggrieved thereby. It is undisputed that appellee was a real-estate broker residing and having his

principal place of business in Itasca. The ordinance clearly applied to him and no contention is made that the requirements imposed upon persons subject to the ordinance are indefinite or uncertain. The rule is well established that one who would attack a statute or ordinance as unconstitutional must bring himself within the class as to whom the law is unconstitutional. (*City of Elmhurst* v. *Buettgen,* 394 Ill. 248.) A court will determine the validity of a statute or ordinance only in the light of the factual background presented by the record. Appellee having admitted being a broker with his principal place of business in the village, the contention that section 180 as applied to others is uncertain, or could be interpreted so as to reach absurd results, cannot be considered. It is well settled that the invalidity of a section of a statute or ordinance may not be invoked by one who is not affected by such invalidity. *Mammina* v. *Alexander Auto Service Co.* 333 Ill. 158.

Appellee contends the ordinance is invalid as a delegation of legislative authority to the village clerk because it fails to define the term "broker," and leaves to the village clerk the matter of determining the persons to whom the ordinance applies. It is true, as insisted by appellee, that an ordinance which leaves to an executive officer the definition of the thing to which the ordinance applies, such definition not being commonly known, is an unwarranted and void delegation of legislative power. (*City of Chicago* v. *Matthies,* 320 Ill. 352.) We think, however, that the rule invoked does not apply in the present case. The word "broker" is a term so generally understood as to need no definition in the ordinance itself. In *City of Chicago* v. *Barnett,* 404 Ill. 136, it was held that an "insurance broker," as defined by ordinance, was a "broker" within the meaning of that word as used in section 91 of article 23 of the Revised Cities and Villages Act, and could therefore be required to obtain a license. With reference to the meaning of the word "broker" we observed: "Brokers are of many

kinds, according to the particular class of transactions in which they engage. The word 'broker,' when not used in connection with other words restricting and limiting it to brokers of any certain kind, is a general term, including within its scope brokers of every class and description. A broker is an agent who bargains or carries on negotiations in behalf of his principal as an intermediary between the latter and third persons in transacting business relative to the acquisition of contractual rights, or to the sale or purchase of any form of property, real or personal, the custody of which is not entrusted to him for the purpose of discharging his agency." Such definition is commonly known, both in law and in popular usage, and the average person of ordinary intelligence can readily determine whether he is conducting business as a broker. The term "broker" being. one of generally accepted definition, the ordinance does not vest in the village clerk a discretion to determine the class to whom it shall be applied, and does not constitute an unwarranted delegation of legislative power.

The legislature has expressly authorized municipalities to license, tax and regulate brokers, and we see no reason why an ordinance requiring a license of every broker doing business in the municipality is not a valid exercise of such power. It has long been settled that the cities and villages of the State, by virtue of the grant of power by the General Assembly, have ample power and authority to impose license fees upon the occupation of a broker; for the purposes of either regulation or revenue. (*Banta v. City of Chicago,* 172 Ill. 204; *Braun v. City of Chicago,* 110 Ill. 186.) We conclude that the ordinance in question is valid as against the objections urged by appellee, and that the county court erred in dismissing the complaint.

The judgment is reversed, and the cause remanded to the county court of Du Page County, with directions to proceed in accordance with the views herein expressed.

*Reversed and remanded, with directions.*