(Nos. 69932, 69951 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS v. WILMER BROCKMAN, JR., *et al.* (Wilmer Brockman, Jr., Appellee; Chrysler Corporation *et al.*, Appellants).

*Opinion filed May 30, 1991.*

352

HEIPLE, J., took no part.

Ernest Pool, of Ottawa, and R. Davy Eaglesfield III and Michael O. Ellis, of Cromer, Eaglesfield & Maher, of

Indianapolis, Indiana, for appellant Chrysler Corporation.

Harvey M. Sheldon, Shell J. Bleiweiss and David S. Finch, of McDermott, Will & Emery, of Chicago, for appellant Amoco Chemical Co. *et al.*

Craig M. Armstrong, of Armstrong ·& Surlin, of Ottawa, for appellee.

Martha A. Churchill, of Chicago, for *amici curiae* Chicago Association of Commerce and Industry *et al.*

Howard W. Feldman and Stanley N. Wasser, of Feldman & Wasser, and Katherine D. Hodge, all of Springfield, for *amicus curiae* Illinois Environmental Regulatory Group, Inc.

JUSTICE FREEMAN delivered the opinion of the court:

This appeal arose out of an action initiated by the State in the circuit court of La Salle County against defendants and third-party plaintiffs, Wilmer and Edith Brockman (Brockman), owners/operators of the Brockman I landfill, for violations of the Illinois Environmental Protection Act (Act) (Ill. Rev. Stat. 1979, ch. 111½, par. 1001 *et seq.*).

## FACTS

Brockman operated a sanitary landfill near Ottawa, Illinois. In May 1982, the State filed a five-count amended complaint which alleged that from August 1970 through September 1979, Brockman operated the landfill in violation of certain provisions of the Act. Specifically, count I alleged, *inter alia*, that Brockman violated sections 21(d) and (e) of the Act (Ill. Rev. Stat. 1979, ch. 111½, pars. 1021(d), (e)) and certain solid waste rules in that he "caused or allowed[ ] special waste *** to be ac-

cepted and disposed of on the site." In its prayer for relief, the State asked, *inter alia*, that: (1) Brockman be enjoined from any further violations of the Act; (2) Brockman take steps to bring the site into compliance with the Act and the solid waste rules; (3) monetary penalties be imposed and costs and fees be assessed; and (4) any other appropriate relief be granted. Count V alleged that, as a result of the violations of the Act, Brockman had caused contamination of the groundwater and surface water, which, under the common law, constituted a public nuisance. The State prayed for an injunction, prohibiting Brockman from placing any further wastes at the site, requiring Brockman to take corrective action to remove potentially toxic or hazardous wastes from the site, and for any other appropriate relief. (Counts II, III and IV of the State's complaint, which adopted the allegations in count I and named other defendants, are not the subject of this appeal.)

In April 1987, Brockman filed a six-count third-party complaint against his customers, various generators and transporters of waste deposited at the Brockman landfill.[1] In count II, Brockman attempted to state a claim under section 22.2 of the Act (Ill. Rev. Stat. 1987, ch. 111½, par. 1022.2) and alleged that third-party defendants were statutorily liable to him for the entire cost of

---

[1]Included among the third-party defendants was John M. Mathes and Associates, Inc., a response contractor, hired by the Illinois Environmental Protection Agency. Mathes filed a separate appeal (No. 69749), which was consolidated with this case (No. 69932 & No. 69951). In November 1990, the cases were severed. Mathes neither filed a motion to join in the briefs of third-party defendants in this case, nor did it file a separate opening brief. Mathes did, however, file a reply brief in this case. Mathes is not a proper party in this case and, therefore, we strike its reply brief and deem any arguments raised therein to be waived for purposes of this case.

remedial action at the site, including costs and attorney fees. Count VI purported to state a claim for contribution pursuant to the Illinois Contribution Act (Ill. Rev. Stat. 1987, ch. 70, par. 301 *et seq.*).

Upon third-party defendants' motion, the trial court dismissed the complaint with prejudice. (Ill. Rev. Stat. 1987, ch. 110, par. 2—615.) On appeal, the appellate court, third district, with one justice dissenting, affirmed the dismissal of counts I, III, IV and V, reversed the dismissal of counts II and VI and remanded the cause to the circuit court. (192 Ill. App. 3d 680.) We granted third-party defendants' petition for leave to appeal (134 Ill. 2d R. 315). As none of the parties have contested the appellate court's affirmance of the circuit court's dismissal of counts I, II, IV and V, only counts II and VI are at issue in this appeal. The Illinois Environmental Regulatory Group, the Chicago Association of Commerce and Industry and Mid-America Legal Foundation filed *amicus curiae* briefs in support of third-party defendants. 134 Ill. 2d R. 345(a).

The narrow issue presented for our review is whether third-party claims against generators and transporters of waste may properly be joined in an action by the State against owners/operators of a sanitary landfill for violations of section 21 of the Act and for common law public nuisance. We answer the question in the affirmative.

## PROCEDURAL ISSUE

Prior to addressing the substantive issues raised in this appeal, we must consider a matter of procedure. Brockman asserts that the issue before this court is the viability of the allegations in his amended third-party complaint. Therefore, he maintains, arguments which third-party defendants raise concerning allegations asserted in the original third-party complaint are irrelevant. Third-party defendants respond contrarily and as-

sert that the amended complaint is not properly preserved for our review because: (1) Brockman failed to file a petition for leave to appeal the denial of his motion to file the amended complaint and, therefore, the appellate court rulings are now the law of the case; (2) Brockman's prayer for relief asks only that the appellate court, which affirmed the denial of Brockman's motion to amend his third-party complaint, be affirmed; and (3) the cover of Brockman's brief does not state that cross-relief is requested (134 Ill. 2d R. 315(g)).

It appears that Brockman has misapprehended the appellate court holding. In his brief, Brockman asserts that the appellate court found error in the trial court's denial of his motion to amend. Then, in support of his claim that the amended complaint is properly preserved, he points to his notice of appeal in the appellate court, wherein he assigned as error, *inter alia*, the trial court's denial of his motion to vacate the dismissal of his original complaint, which included leave to file an amended third-party complaint.

As is apparent from the appellate court opinion, there was no finding that the trial court erred in denying Brockman's motion. In fact, the appellate court found the denial to be a proper exercise of the trial court's discretion. The court merely held that, on counts II and VI in the original third-party complaint, Brockman should be permitted to amend his complaint to add new parties.

In response to third-party defendants' arguments, initially, we note that the doctrine of the law of the case is inapplicable to this court's review of appellate court decisions. (*People v. Triplett* (1985), 108 Ill. 2d 463, 488.) Secondly, even though Brockman's prayer for relief requests affirmance of the appellate court, the prayer is not controlling. The relevant inquiry is whether, based on the record, Brockman is entitled to any relief. This court may consider any issues and grant whatever relief

is warranted by the record. (See 134 Ill. 2d R. 318(a).) Finally, Brockman's failure to properly caption his brief is not fatal.

Despite Brockman's remiss in the presentation of his case to this court, since the issue was properly presented in and considered by the appellate court, and further, since our disposition of the larger issue may warrant the trial court's reconsideration of the motion, we choose to examine the propriety of the trial court's ruling. In our determination to review the court's ruling, we have considered and perceive no prejudice to third-party defendants.

Having determined that we will consider the correctness of the trial court's ruling on the motion, we next address Brockman's argument that, by its denial of the motion to amend the pleading, the trial court addressed the substance of the claims in the amended complaint. He maintains, relying on *Miller v. Enslen* (1978), 60 Ill. App. 3d 865, that the claims asserted in the amended complaint are properly before this court. We disagree.

Preliminarily, we find that *Miller* provides no support for Brockman's argument. The record reveals that in Brockman's attempt to persuade the trial court to allow the amendment, he expressly advised the court that the purpose of the amendment was to correct matters of form in the original complaint. Brockman failed to adequately advise the court that, in addition, the amended complaint pled new legal theories. The trial court, in denying Brockman's motion to amend, stated that amending the complaint to correct matters of form would be of no purpose since the defects concerned matters of substance. Based on the court's comments and on the fact that the court neither invited nor heard any argument on the new legal theories raised in the amended complaint, we conclude that it gave no consideration to the substance of those claims. Accordingly, while we accept

for review the propriety of the trial court's denial of the motion to amend the complaint, we decline, in the first instance, to pass upon either the substance or the sufficiency of the allegations in the amended complaint.

## BROCKMAN'S MOTION TO AMEND

The trial court set April 15, 1987, as the deadline for amending the pleadings to include new parties and new legal theories. On July 15, 1987, a full three months after the deadline, Brockman moved to amend his complaint. The motion was denied. The appellate court found that Brockman's attempt to amend his complaint was untimely and held, therefore, that the trial court did not abuse its discretion in denying his motion to amend.

Generally, a defendant may be allowed to amend his pleadings to introduce any party or to add new causes of action at any time prior to entry of a final judgment. (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(a).) Whether to permit an amendment is left to the broad discretion of the trial court. (*Saldana v. Wirtz Cartage Co.* (1978), 74 Ill. 2d 379, 390.) However, judicial discretion must be exercised within the bounds of the law (*People ex rel. Chesapeake & Ohio Ry. Co. v. Donovan* (1964), 30 Ill. 2d 178, 180), and any question regarding the proper exercise thereof is always subject to our review (*Whitney v. Madden* (1948), 400 Ill. 185, 190). Further, where the exercise of discretion has been frustrated by the application of an erroneous rule of law, review is required to permit the exercise in a manner " 'consistent with the law.' " See *Donovan*, 30 Ill. 2d at 181, quoting *People ex rel. Barnes v. Chytraus* (1907), 228 Ill. 194, 200.

Here, the record reveals that while the trial judge set a deadline for the filing of new legal theories and parties, and while Brockman did not attempt to amend his pleadings until a time well beyond that deadline, that was not the express basis of the court's denial. Rather,

the basis for the trial court's denial was that "this [was] not a proper subject matter for [t]hird-[p]arty actions."

We find that the trial court was laboring under a misapprehension of the law. Whether a third-party action is cognizable in this instance presents a question of law of first impression in Illinois. For reasons stated more fully in this opinion, we hold, contrary to the trial court, that third-party action is permissible in this case. Our holding today effectively defeats the court's attempt to properly exercise its discretion in ruling on Brockman's motion to amend. Thus, it is necessary that the trial court, on remand, reconsider the motion and, consistent with the applicable law, properly exercise its discretion in ruling.

## SUBSTANTIVE ISSUES

Section 2—406 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—406) and the Contribution Act (Ill. Rev. Stat. 1987, ch. 70, par. 301 *et seq.*) are the common threads in the fabric of this litigation. Therefore, prior to engaging in analysis of the issues presented, we will consider the rules, generally, and their application.

### Section 2—406

Section 2—406 is the procedural device which enables a defendant in a lawsuit to bring an additional party into the action. (Ill. Rev. Stat. 1987, ch. 110, par. 2—406.) The procedure has as its purpose the avoidance of a multiplicity of litigation, and provides a means of disposing of an entire matter arising from a single set of facts in one action. (*Miller v. DeWitt* (1967), 37 Ill. 2d 273, 287; Ill. Ann. Stat., ch. 110, par. 2—406, Historical & Practice Notes, at 415 (Smith-Hurd 1983).) Although its purpose is the reduction of litigation, third-party actions cannot be used to maintain an entirely separate and independent claim against a third party, even if it arises

out of the same general set of facts as the main claim. See *Ketcham v. Consolidated Rail Corp.* (1986), 146 Ill. App. 3d 196; *Filipponio v. Bailitz* (1978), 73 Ill. App. 3d 389.

Since a proper third-party action requires derivative liability, the basis for most third-party claims in Illinois has commonly been indemnity (see, *e.g.*, *Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226; *Accurate Communications, Inc. v. Transcontinental Freight Systems, Inc.* (1989), 189 Ill. App. 3d 699; *Badorski v. Commonwealth Edison Co.* (1980), 89 Ill. App. 3d 494) or contribution (see, *e.g.*, *Heinrich v. Peabody International Corp.* (1987), 117 Ill. 2d 162; see *Bio-Scientific Clinical Laboratory, Inc. v. Todd* (1986), 149 Ill. App. 3d 845, 848). However, where other legal theories, such as subrogation or breach of warranty, support derivative liability third-party actions are proper. See R. Michael, Illinois Practice: Civil Procedure Before Trial §25.5, at 439 (1989).

Third-party action is favored and trial courts should be liberal in granting such requests. However, a party has no absolute right to bring a third-party claim. Accordingly, where the trial court determines that the third-party action will prejudice the plaintiff or third-party defendant, either by complicating, unduly, the original suit or by delaying its resolution, the third-party claim should not be allowed. See Ill. Rev. Stat. 1987, ch. 110, pars. 2—614(b), 2—1006.

Finally, general rules of pleading as applied in an original complaint apply with equal force to third-party complaints. As in any pleading asserting a cause of action, in order to survive a motion to dismiss, the pleader must allege ultimate facts which establish all of the essential elements of his cause of action. (See *Muhlbauer*, 39 Ill. 2d at 230; Appel & Michael, *Contribution Among Joint Tortfeasors in Illinois: An Opportunity for Legislative and Judicial Cooperation*, 10 Loy.

U. Chi. L.J. 169, 195 (1979).) Mere conclusions are insufficient and the complaint may properly be dismissed on that basis. See *Burke v. Sky Climber, Inc.* (1974), 57 Ill. 2d 542.

## Contribution Act

The Contribution Act (Ill. Rev. Stat. 1987, ch. 70, par. 301 *et seq.*), which is a codification of the holding in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, provides, in pertinent part:

> "§2. Right of Contribution. (a) Except as otherwise provided in this Act, where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them." Ill. Rev. Stat. 1987, ch. 70, par. 302(a).

The Contribution Act is founded upon the doctrine of unjust enrichment, and creates a separate substantive right of restitution rather than a derivative right. (See *Doyle v. Rhodes* (1982), 109 Ill. App. 3d 590, 592-93, *aff'd* (1984), 101 Ill. 2d 1; see also Clark, *Comparative Contribution: The Legislative Enactment of the Skinner Doctrine*, 14 J. Mar. L. Rev. 173, 193 (1980).) It creates the right to contribution without limitation to the type of action in which it is sought.

## Brockman's Original Third-Party Complaint

Count II of Brockman's original third-party complaint attempted to state a claim under the hazardous waste fund (Superfund) section of the Act (Ill. Rev. Stat. 1987, ch. 111½, par. 1022.2). Section 22.2 sets out the method by which the fund is funded and lists those persons who bear potential liability for the costs of removal, included among whom are generators and transporters of waste.

Third-party defendants advance compelling arguments in opposition to allowing Brockman's third-party claim for section 22.2 recovery. They initially characterize the appellate court's holding as implying a private cause of action. Then, applying the test which this court pronounced in *Sawyer Realty Group, Inc. v. Jarvis Corp.* (1982), 89 Ill. 2d 379, and with resort to the rules of statutory construction, they conclude that no private cause of action may be implied under section 22.2.

Resolution of the issue before us does not require that we engage in so extensive an analysis. It is apparent to us that the appellate court's use of the phrase "private cause of action" was not in the same context as that phrase is generally understood and used in *Sawyer* and its progeny. Moreover, in reaching its conclusion, the appellate court did not engage in the *Sawyer* analysis.

A private cause of action and a third-party claim are separate and distinct concepts. It is conceivable that a party could bring a third-party claim where no private cause of action would be permitted. That being the case, an analysis to determine whether section 22.2 would permit a private cause of action would not be dispositive of the issue before us.

The appellate court held that under the circumstances of this case, the Act would permit third-party actions. The court reasoned that since section 22.2 provides for liability among generators and transporters and since it was the intent of the legislature to permit private remedies, the third-party claim was proper. Further, the court reasoned that section 2—406 allows a defendant to join, as third-party defendants, anyone from whom he may have a possibility of recovery of the plaintiff's claimed damages.

Upon close examination, we find the court's reasoning to be flawed. Even accepting as true that the Act, as evidenced by those provisions upon which the appellate

court relied, promotes third-party claims, those claims may not be brought in contravention of section 2—406 requirements. Section 2—406 confers no substantive rights upon a party; it is merely a procedural device. The action must, in the first instance, be derivative in order for section 2—406 to apply. The section cannot, in and of itself, serve as the basis for the third-party action.

The appellate court also reasoned that since the State's complaint sought corrective action to remove toxic waste and since section 22.2 concerns the liability of persons for costs incurred by the State in removing hazardous substances, Brockman's section 22.2 claim was derivative.

We disagree with the court's analysis. Initially we note that Brockman's complaint appears to seek a total shifting of liability (indemnification), as opposed to spreading the costs of liability (contribution) (see *Heinrich v. Peabody International Corp.* (1984), 99 Ill. 2d 344, 349), the traditional bases for third-party claims. Yet, no claim for indemnity is stated in the pleading. Nor is Brockman's section 22.2 claim brought pursuant to a claim for contribution.

In a proper third-party action, the liability of the third-party defendant is dependent on the liability of the third-party plaintiff to the original plaintiff. The fact that here the complaint in the primary action and the third-party complaint, which are based on different sections within the Act, seek similar relief is not dispositive. The proper focus for determining section 2—406 derivative liability is on the substance of the complaint.

Brockman's third-party claim under section 22.2 fails to satisfy the threshold requirement of derivative liability for purposes of section 2—406. Section 22.2 clearly states that liability will be imposed on responsible parties when expenses are incurred by the State. The State neither made an allegation that it had incurred any expenses, nor

did it make a cost recovery claim against Brockman. It is therefore reasonable to conclude that since Brockman would not be liable to the State pursuant to section 22.2, third-party defendants could not be liable to Brockman. Brockman's third-party claim pursuant to section 22.2 is a separate and independent action, not a proper third-party claim.

Section 21, the basis for the State's action against Brockman, merely states that "any person" may be liable for a violation. Nowhere in the Act do we find a prohibition against third-party claims. Barring an indication from the legislature to the contrary, we decline to hold that, as a matter of law, the Act precludes third-party claims. Such a declaration would be tantamount to legislating from the bench. Therefore, we conclude that where a defendant properly states a claim for contribution, indemnification, or any other cause of action which supports derivative liability, that claim may properly be joined with the primary action. The dismissal of Brockman's section 22.2 claim, though on erroneous grounds, was proper.

Count VI of Brockman's original third-party complaint attempted to state a claim for negligent contamination of the site and sought contribution from third-party defendants for damage to the property.

Third-party defendants posit several arguments in support of their contention that Brockman may not recover on his contribution claim. They argue that claims made by Brockman in his original third-party complaint arose before March 1, 1978, a time prior to when contribution was allowed in Illinois. Therefore, they argue, the pleadings are insufficient to state a claim for contribution.

The Contribution Act applies only to causes of action arising out of occurrences on and after March 1, 1978. (Ill. Rev. Stat. 1987, ch. 70, par. 301; see also *Skinner v.*

*Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 17 (supplemental opinion).) In his original third-party complaint, Brockman alleged that at various times between February 4, 1971, and September 29, 1979, he was alleged by the plaintiffs to have accepted delivery of waste streams containing hazardous substances from the third-party defendants.

Initially, we note that the State's complaint made no allegation against third-party defendants, but rather only named, among other owner/operators, Brockman. Secondly, in reviewing Brockman's original third-party complaint, we find, as third-party defendants allege, that it fails to specifically allege the dates and occurrences involving third-party defendants. In the absence of any allegations that the misconduct complained of occurred at specific times after March 1, 1978, Brockman's complaint failed, in this regard and others, to sufficiently state a claim for contribution.

Third-party defendants next argue that there is no common liability in tort for purposes of contribution because proper maintenance and closure of the dump site was the responsibility of the owner/operator. We agree that there could be no common liability for those claims. However, third-party defendants neglect to consider that the primary claim against Brockman also included an allegation that he "caused or allowed" unpermitted waste to be dumped at the site.

The third-party claim and Brockman's argument are that if he allowed unpermitted waste to be dumped it was as a result of third-party defendants' negligent conduct in dumping unpermitted waste. Thus, we believe that the proper transactional nexus for a contribution claim exists. If it is determined that Brockman caused or allowed unpermitted waste to be dumped and, further, if it is found that third-party defendants dumped the unpermit-

ted waste, there could be common liability for contamination of the site.

Third-party defendants next argue that the Contribution Act is inapplicable here because: (1) liability in this case is created by statute and does not sound in tort; and (2) public nuisance is not a tort, which would "subject them to liability in tort," unless it causes particular harm to an individual of a kind different from that suffered by other members of the public.

The language of the Contribution Act requires that all defendants be liable in tort and that their liability arise out of the same injury. (Ill. Rev. Stat. 1987, ch. 70, par. 302(a).) The injury is that which is incurred by the plaintiff, as opposed to any injury suffered by the parties seeking contribution. (See *Doellman v. Warner & Swasey Co.* (1986), 147 Ill. App. 3d 842, 847.) Further, "there is no requirement that the basis for contribution mirror the theory of recovery asserted in the original action." *J.I. Case Co. v. McCartin-McAuliffe Plumbing & Heating, Inc.* (1987), 118 Ill. 2d 447, 462.

In this case, whether the potential liability arose out of the same injury is the easy question. Clearly, if liability is to attach, it is as a result of the contamination caused by the presence of unpermitted waste at the site. The more difficult question is whether the defendants are "subject to liability in tort" as that phrase is used in the Contribution Act.

In Illinois, there need not be actual tort liability in order to state a cause of action for contribution. The words "subject to liability in tort" have been interpreted to mean that the persons from whom contribution is sought are potentially capable of being held liable in a court of law or equity. The potential for liability depends merely upon their relative culpability in causing the same injury. See *Doellman*, 147 Ill. App. 3d 842; see also Horan, *Con-*

*tribution in Illinois: Skinner v. Reed-Prentice and Senate Bill 308*, 61 Chi. B. Rec. 331 (1979).

If the underlying claim does not create liability in tort, a third-party plaintiff may not recover on a contribution claim. (See *Hopkins v. Powers* (1986), 113 Ill. 2d 206 (Dramshop Act does not create tort liability for purposes of the Contribution Act).) Liability is determined at the time of the injury out of which the right to contribution arises, and not at the time the action for contribution is brought. (*Doyle*, 101 Ill. 2d at 11.) At the time of an injury for which a third-party defendant may be liable in tort, the third-party defendant is in fact "subject to liability in tort." However, that liability can be defeated once a defense is established. *Doyle*, 101 Ill. 2d at 10-11.

The State's complaint alleged both statutory and common law claims. We must therefore determine whether either basis constitutes tortious conduct. "A tort has been defined as a breach of a noncontractual legal duty owed to the plaintiff, the source of which may be a statute as well as the common law." (*Hopkins v. Powers* (1986), 113 Ill. 2d 206, 213 (Goldenhersh, J., dissenting), citing *Overby v. Johnson* (E.D. Mich. 1976), 418 F. Supp. 471, 472-73.) Dean Prosser teaches that while a court will provide a remedy in the form of an action for damages, one important form of remedy for tort may also be an injunction or restitution. The only requirement is that the availability of these remedies will depend in the first instance upon the possibility that an action for damages could lie for the wrong. W. Keeton, Prosser & Keeton on Torts §1, at 2-3 (5th ed. 1984).

Without question, third-party defendants had a duty not to contaminate the environment. As a result of the contamination, the State has suffered injury for which it could have maintained an action for damages. The fact that injunctive relief, as opposed to damages, is sought does not convert the conduct into something other than

tortious. We believe that a violation of the Act creates the potential for liability in tort and that it may be a proper predicate for a contribution claim. Therefore, we conclude that the "subject to liability" element of the Contribution Act, as it applies to Brockman and third-party defendants in the primary action, may be satisfied. Our determination that the statutory violations constitute tortious conduct obviates the need for us to consider third-party defendants' public nuisance argument.

Third-party defendants next assert that there is no precedent in Illinois to expand liability for abatement of public nuisances to parties with no control over the site. They invite this court's attention to the oft-stated rule that liability for the pollution requires that the defendant be in control of the pollution either through ownership or control of the property. See *New York v. Shore Realty Corp.* (2d Cir. 1985), 759 F.2d 1032; see also *Perkinson v. Pollution Control Board* (1989), 187 Ill. App. 3d 689; *Phillips Petroleum Co. v. Pollution Control Board* (1979), 72 Ill. App. 3d 217; *Meadowlark Farms, Inc. v. Pollution Control Board* (1974), 17 Ill. App. 3d 851; *Leslie Salt Co. v. San Francisco Bay Conservation & Development Comm'n* (1984), 153 Cal. App. 3d 605, 200 Cal. Rptr. 575; *United States v. A & F Materials Co.* (1984), 578 F. Supp. 1249.

The control argument is compelling, and we take no exception to the general rule as it is applied in original actions like those cases which we cite here. However, the differing policy interests attendant to our contribution statute require that we not regard "control" as the dominant consideration in cases such as the one before us.

The Contribution Act is firmly rooted in principles of equity which seek to apportion liability for injury among tortfeasors based upon their relative culpability. By it, the legislature sought to avoid unfairly burdening a contributing tortfeasor with the total cost of an injury. So valued

are principles of fairness and the avoidance of unjust enrichment that even if a person who might otherwise be immune has contributed as a cause to the injury he should be liable in contribution. This is so even though he cannot be directly liable to the plaintiff. See Clark, *Comparative Contribution: The Legislative Enactment of the Skinner Doctrine*, 14 J. Mar. L. Rev. 173, 193 (1980).

Consistent with these basic notions, in *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 14, in considering whether immunity was a bar to contribution, this court stated that the "Contribution Act focuses, as it was intended to do, on the culpability of the parties rather than on the precise legal means by which the plaintiff is ultimately able to make each defendant compensate him for his loss." It there further stated, quoting *Puller v. Puller* (1955), 380 Pa. 219, 221, 110 A.2d 175, 177, "[t]he theory is that as between the two tortfeasors the contribution is not a recovery for the tort but the enforcement of an equitable duty to share liability for the wrong done." (See also *Giordano v. Morgan* (1990), 197 Ill. App. 3d 543; *Joe & Dan International Corp. v. United States Fidelity & Guaranty Co.* (1988), 178 Ill. App. 3d 741.) Thus, if one person's wrongful conduct actually causes another's injury, he should, as a culpable party, be liable for contribution.

These principles of equity support our conclusion that control does not operate to bar a contribution claim based on violations of the Act which create a public nuisance. Where a proper claim for contribution may be stated, the fact that a contributing polluter lacked control over the premises will not defeat that claim. By our holding we do not advocate total disregard of the issue of control, for it may properly be a consideration in the apportioning of fault.

Finally, third-party defendants argue that the primary claim does not state that Brockman was negligent in violating the Act. Therefore, since only unintentional tort-

feasors have a cause for contribution under the Contribution Act (*Gerill Corp. v. Jack L. Hargrove Builders, Inc.* (1989), 128 Ill. 2d 179), the third-party claim must fail. The general proposition is correct; however, we reject the conclusion.

Our appellate court has generally held that intent is not an element in a cause of action for violations of the Act. (See *Phillips Petroleum Co. v. Pollution Control Board* (1979), 72 Ill. App. 3d 217; *Hindman v. Pollution Control Board* (1976), 42 Ill. App. 3d 766; *Bath, Inc. v. Pollution Control Board* (1973), 10 Ill. App. 3d 507.) Here, there is no allegation in the primary complaint that the conduct complained of was intentional. However, whether the conduct of which the State complains is intentional, negligent or otherwise must, in the first instance, be determined in the trial court. (See *Carl Sandburg Village Condominium Association No. 1 v. First Condominium Development Co.* (1990), 197 Ill. App. 3d 948, 953.) Absent either an allegation of intentional conduct or a requirement that intent is an element, we decline to conclude that intentional conduct was alleged.

Finally, *amici curiae* argue that to allow owners/operators of waste sites to spread liability for dumping unpermitted waste creates the temptation for owners/operators to allow unpermitted waste to be dumped at a site without consequence to them. We believe that the opposite conclusion has equal validity. Transporters and generators, secure in the knowledge that they can escape liability for dumping unpermitted waste at a site, may be inclined to do so. We believe that the best safeguard for achieving and maintaining a healthful and clean environment is to hold all those who pollute responsible for their contributions. Moreover, we believe that the right to contribution is in perfect harmony with the purpose of the Act, which seeks to fix liability on those who create a situation which is harmful to our environment.

We conclude that a properly pled cause of action for contribution based on violations of the Act is permissible. Therefore, we hold that the basis for the trial court's dismissal of Brockman's contribution claim was erroneous.

## Section 45

Brockman directs this court's attention to section 45 of the Act and its recent amendment, which expressly permits third-party actions. (Pub. Act 86—1362, eff. Jan. 1, 1991 (amending Ill. Rev. Stat. 1987, ch. 111½, par. 1045(b)).) Third-party defendants argue that section 45 should not apply in this case because it has only prospective application. We note that Brockman makes no argument that section 45 has any application in this case. It appears, since no allegations of a violation of section 45 were pled either in the primary complaint or in the original third-party complaint, that Brockman's sole reason for including the amendment in his brief was as support for the argument that the Act permits third-party claims. Absent any claim that section 45 was violated, we decline to engage in any analysis of its application to this case. But see *People v. Fiorini* (1991), 143 Ill. 2d 318.

For the forgoing reasons, we affirm in part and reverse in part the judgment of the circuit court, affirm in part and reverse in part the judgment of the appellate court, and remand this cause to the circuit court for proceedings consistent with this opinion.

*Circuit court affirmed in part*
*and reversed in part;*
*appellate court affirmed in part*
*and reversed in part;*
*cause remanded.*

JUSTICE HEIPLE took no part in the consideration or decision of this case.