27 April 2000

No.  3--99--0102

(Consolidated with No. 3--99--0103)

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2000

THE PEOPLE OF THE STATE OF ILLINOIS, 
ex
 
rel.
 )  Appeal from the Circuit Court

JAMES E. RYAN, Attorney General, and 
ex
 
rel.
 )  of the 14th Judicial Circuit,

GARY SPENCER, State’s Attorney of Whiteside )  Whiteside County, Illinois,

County, Illinois, )

)

Plaintiff-Appellant, )

)

v. )

)

LEWIS McFALLS, )

)

Defendant-Appellant, )

)

and )

)

PRESCOTT CONSTRUCTION COMPANY; CITY OF )

STERLING; ROCK RIVER ROOFING AND SIDING )

COMPANY; THOMAS CRAIG; JOSEPH CRAIG; TIMOTHY )

CRAIG; WOLOHAN LUMBER COMPANY; MARVIN R. )  No.  97--CH--34

LOFGREN d/b/a LOFGREN CONSTRUCTION COMPANY; )

LEROY E. DUSING; KEVIN L. HOHLEN; RANDY J. )

SPOTTS; CHRISTINE SPOTTS; WAYNE E. LAPP; )

WILLIS C. SIMPSON; WILLIAM H. MILLER; )

JORDAN TOWNSHIP/TOWN OF JORDAN; WILLIE E. )

STANLEY; KEVIN J. WOLF, individually, and as )

owner of WOLF CONSTRUCTION; KENNETH REITZEL )

d/b/a REITZEL ROOFING COMPANY; GENE McFALLS, )

individually, and as owner of NORTHWEST )

ROOFING; ROBERT W. BURGER, individually, )

and as owner of BURGER BROTHERS TRUCKING & )

EXCAVATING; COMMONWEALTH EDISON; and WILLIAM )

FRANKFOTHER; )  Honorable 

)  Dan A. Dunagan,

Defendants-Appellees. )  Judge, Presiding.

______________________________________________________________________________

PRESIDING JUSTICE SLATER delivered the opinion of the court:

_________________________________________________________________

The State filed a 51-count amended complaint alleging that Lewis McFalls, Commonwealth Edison Company (ComEd), and 22 other defendants had violated subsections 21(a) and 21(p)(1) of the Illinois Environmental Protection Act (the Act) (415 ILCS 5/1 
et
 
seq.
 (West 1996)).  415 ILCS 5/21(a), 21(p)(1) (West 1996).  On ComEd’s motion, the trial court dismissed all counts of the complaint except those directed against McFalls.  The State and McFalls appeal pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)).  For the reasons that follow, we reverse the trial court’s order and remand for further proceedings.

BACKGROUND

Title V of the Act addresses land pollution and refuse disposal.  415 ILCS 5/20 
et
 
seq.
 (West 1996).  Section 21 of the Act lists a number of prohibited acts.  415 ILCS 5/21 (West 1996).  Subsections 21(a) and 21(p)(1) (415 ILCS 5/21(a), 21(p)(1) (West 1996)) provide:

“No person shall:

(a)  Cause or allow the open dumping of any waste.

* * *

(p)  In violation of subdivision (a) of this Section, cause or allow the open dumping of any waste in a manner which results in any of the following occurrences at the dump site:

(1) litter[.]”

Under the Act, the term “person” includes, among others, individuals, corporations, and political subdivisions.  415 ILCS 5/3.26 (West 1996).  “Open dumping” means “the consolidation of refuse from one or more sources at a disposal site that does not fulfill the requirements of a sanitary landfill.”  415 ILCS 5/3.24 (West 1996).  “Refuse” means “waste” which, in turn, denotes “any garbage, sludge *** or other discarded material ***.”  415 ILCS 5/3.31, 3.53 (West 1996).

In counts I through XXIII and counts XXV through XLVI of its amended complaint, the State alleges that ComEd and 22 others caused open dumping and caused open dumping resulting in litter, in violation of subsections 21(a) and 21(p)(1), by dumping various waste materials on certain real property located in Sterling, Illinois.  In the remaining six counts of its complaint, the State alleges that Lewis McFalls, as the owner of the property, violated subsections 21(a) and 21(p)(1) and various other provisions of the Act not at issue in this appeal.

ComEd filed a section 2--615 motion (735 ILCS 5/2--615 (West 1996)) contending that the two counts directed against it should be dismissed.  In particular, ComEd argued that, in order to violate subsections 21(a) and 21(p)(1), a party must either own the allegedly illegal disposal site or exercise control over it.  Therefore, according to ComEd, in view of the State’s failure to allege ComEd’s ownership or control, the State fails to state a cause of action.  All other defendants except McFalls joined ComEd’s motion.

The trial court granted the motion and dismissed every count of the State’s complaint except those directed at McFalls.  In so ruling, the trial court concluded that only an owner or operator of an allegedly illegal disposal site may “cause or allow” open dumping within the meaning of subsections 21(a) and 21(p)(1).  In its written order, the trial court based this construction on the following propositions: (1) other subsections of section 21 that employ the phrase “cause or allow” only apply to owners or operators, while subsections that do not use the phrase apply to any person undertaking the prohibited act; (2) the construction is necessary to avoid absurd and unjust results; and (3) the legislature’s addition of subsection 45(d) (415 ILCS 5/45(d) (West 1996)) implies that a person not alleged to be an owner or operator of the illegal disposal site cannot be joined in the original complaint.

ANALYSIS

On appeal, the State and McFalls contend that the trial court erred by granting ComEd’s motion to dismiss because, by the plain language of the Act, the class of persons who may “cause” open dumping in violation of subsections 21(a) and 21(p)(1) is not limited to owners or operators.
(footnote: 1)
The General Assembly enacted the Act to establish a unified, state-wide program to restore, protect, and enhance the quality of the environment in Illinois.  415 ILCS 5/2(b) (West 1996).
  A primary purpose of the Act is to assure that adverse effects upon the environment are fully considered and borne by those who cause them.  
National Marine, Inc. v. Illinois Environmental Protection Agency
, 159 Ill. 2d 381, 639 N.E.2d 571 (1994).  The Act is to be liberally construed to effect its purposes.  415 ILCS 5/2(c) (West 1996).

The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature.  
Paris v. Feder
, 179 Ill. 2d 173, 688 N.E.2d 137 (1997).  If the legislature’s intent can be ascertained from the statute’s plain language, that intent must prevail without resort to other interpretive aids.  
Paris
, 179 Ill. 2d 173, 688 N.E.2d 137.  Where a statute’s language is unambiguous, a court should not read limitations into the statute.  
Gem Electronics of Monmouth, Inc. v. Department of Revenue
, 183 Ill. 2d 470, 702 N.E.2d 529 (1998).  The construction of a statute is a question of law subject to 
de
 
novo
 review.  
Boaden v. Department of Law Enforcement
, 171 Ill. 2d 230, 664 N.E.2d 61 (1996). 

The Act does not define “cause.”  In the absence of a statutory definition, “cause” should be given its plain and ordinary meaning.  See 
Moran Transportation Corp. v. Stroger
, 303 Ill. App. 3d 459, 708 N.E.2d 508 (1999).  The verb “cause” ordinarily means “to serve as cause or occasion of [or to] bring into existence ***” (Webster’s Third New International Dictionary 356 (1993)).

The Act contains a broad definition of “person.”  The definition contains no qualifying language limiting its scope to entities having an ownership interest in, or control over, a disposal site.  Moreover, neither ownership, nor control, of an allegedly illegal disposal site is necessary to effect the consolidation of refuse there.  Therefore, an off-site generator, as a “person,” may “cause” “open dumping” within the plain meaning of subsections 21(a) and 21(p)(1).  Accordingly, we hold that off-site generators fall within the class of persons who may violate these subsections.

Neither the trial court’s concerns, nor the arguments presented by appellees, inject any ambiguity into the plain meaning of subsections 21(a) or 21(p)(1).
  In its order, the trial court observed that subsections 21(r) and 21(t) are the only subsections of section 21, other than subsections 21(a) and 21(p)(1), to employ the phrase “cause or allow.”   The trial court concluded that, because these subsections can only be interpreted to prohibit acts of an owner or operator, the drafters of the Act must have intended the phrase “cause or allow” to apply exclusively to owners or operators.

Subsection 21(r) provides that no person shall “[c]ause or allow the storage or disposal of coal combustion waste ***” without meeting certain specified conditions.  415 ILCS 5/21(r) (West 1996).  Subsection 21(t) provides that no person shall “[c]ause or allow a lateral expansion of a municipal solid waste landfill unit ***” without obtaining authorization from the Illinois Environmental Protection Agency.  415 ILCS 5/21(t) (West 1996).

We are unpersuaded that subsection 21(r) prohibits acts which can only be undertaken by an owner or operator.  Furthermore, even if we were to accept that both subsections only apply to owners or operators, it would not be sufficient evidence of a legislative intent contrary to the statute’s plain language.

In addition, our conclusion that an off-site generator may “cause” open dumping is not undermined by the legislature’s use of more specific language in describing the acts prohibited in other subsections of section 21.  We agree with the trial court and appellees that the legislature intends different results when it uses certain words in one instance and different words in another (
Carver v. Bond/Fayette/Effingham Regional Board of School Trustees
, 146 Ill. 2d 347, 586 N.E.2d 1273 (1992)).  However, when applied to off-site generators, subsection 21(a)’s “cause or allow” language does not merely prohibit in general terms what the other subsections prohibit in more specific terms.  The allegations of the State’s complaint in the case at bar illustrate that subsections 21(a) and 21(p)(1), when applied to off-site generators, prohibit conduct different from the conduct prohibited in more specific subsections.  No other subsection prohibits a party from dumping waste on privately owned land being used as an illegal disposal site.  
Cf.
 415 ILCS 5/21(b) (West 1996) (prohibiting dumping on public highways or other public land not fulfilling the requirements of a sanitary landfill).

We are similarly unconvinced that the trial court’s narrow construction of the statute is necessary to avoid absurd or unjust results.  
A court should not depart from a statute’s plain meaning so long as application of the statute’s plain language to the circumstances presently before the court would not effect an absurd or unjust result.  See 
Village of Itasca v. Luehring
, 4 Ill. 2d 426, 123 N.E.2d 312 (1954).  In arriving at its conclusion that application of subsections 21(a) and 21(p)(1) to off-site generators would effect absurd and unjust results, the trial court relied upon hypothetical scenarios far removed from the allegations of fact before it.  We will not ignore the plain language of the statute based on such conjecture.  Instead, we limit our consideration to determining whether application of the statute’s plain language to the allegations of the State’s complaint has absurd or unjust consequences.  See 
Aloha, Inc. v. Illinois Liquor Control Comm’n
, 191 Ill. App. 3d 523, 548 N.E.2d 116 (1989) (court refused to consider application of statute to hypothetical facts).

Due to the procedural posture of this case, we must presume the veracity of all well-pleaded allegations of the State’s complaint and construe all reasonable inferences therefrom in favor of the State.  See 
Vernon v. Schuster
, 179 Ill. 2d 338, 688 N.E.2d 1172 (1997).  The State alleges that appellees are off-

site generators who dumped waste materials at an illegal disposal site.  We find that it is neither absurd, nor unjust, for such persons to bear some of the cost of restoring the land they helped to despoil.  Accordingly, it is unnecessary to depart from the plain language of subsections 21(a) and 21(p)(1) in order to avoid absurd or unjust results.

Moreover, the legislature’s addition of subsection 45(d) to the Act does not evince an intent that off-site generators be excluded from the class who may be joined in the State’s original complaint.  Subsection 45(d) provides that a person with an ownership interest in real property who is alleged to have allowed open dumping on that real property may file a third-party complaint against any person who “with actual knowledge caused or contributed” to the open dumping.  415 ILCS 5/45(d) (West 1996).  In 
People v. Fiorini
, 143 Ill. 2d 318, 574 N.E.2d 612 (1991), our supreme court held that, even prior to the enactment of subsection 45(d), a defendant in an action brought under the Act had a right to file a third-party complaint.  See also 
People v. Brockman
, 143 Ill. 2d 351, 574 N.E.2d 626 (1991).  Thus, neither subsection 45(d), nor the case law interpreting the Act prior to the enactment of that subsection, addresses whether off-site generators may be joined in the State’s original complaint.

In addition, we reject the argument that our interpretation of the Act leads to absurd or unreasonable results in light of the 
scienter
 element of subsection 45(d).  Illinois courts have held that, because violations of the Act are 
malum
 
prohibitum
, the State need not prove a defendant knowingly violated the statute.  See, 
e.g.
, 
Meadowlark Farms, Inc. v. Pollution Control Board
, 17 Ill. App. 3d 851, 308 N.E.2d 829 (1974)
.  In contrast, under subsection 45(d), a defendant/third-party plaintiff must prove that a third-party defendant caused or contributed to open dumping “with actual knowledge” (415 ILCS 5/45(d) (West 1996)).  We do not find it absurd or unreasonable that the legislature would choose to omit a knowledge requirement where the State is seeking to promote the public safety and welfare, but require a defendant/third-party plaintiff to prove actual knowledge where it is merely seeking to protect its own finances.  Consequently, subsection 45(d) provides no reason to depart from the plain meaning of the Act.

Finally, we do not agree that a long line of precedent limits the scope of the subsections at issue to parties having an ownership interest in, or exercising control over, the allegedly illegal disposal site.  Rather than establishing ownership or control of the premises as a necessary condition to liability under the Act, the cases cited by appellees merely hold that ownership or control of the premises or control over the source of pollution is a sufficient condition where an owner or operator is alleged to have passively permitted pollution to enter the environment.  See 
Perkinson v. Pollution Control Board
, 187 Ill. App. 3d 689, 543 N.E.2d 901 (1989); 
Phillips Petroleum Co. v. Pollution Control Board
, 72 Ill. App. 3d 217, 390 N.E.2d 620 (1979); 
Freeman Coal Mining Corp. v. Pollution Control Board
, 21 Ill. App. 3d 157, 313 N.E.2d 616 (1974); 
Meadowlark Farms, Inc.
, 17 Ill. App. 3d 851, 308 N.E.2d 829.  Therefore, we must reject the argument that these cases control the disposition of the case at bar.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Whiteside County is reversed and the State’s cause is remanded for proceedings consistent with this opinion.

Reversed and remanded.

LYTTON, J., concurs.

JUSTICE HOLDRIDGE, dissenting:

I respectfully dissent.  The circuit court correctly determined that the dismissed parties, as transporters or generators of waste, without ownership or control of the site, where not subject to liability under sections 21(a) and (p)(1) of the Illinois Environmental Protection Act (IEPA) (415 ILCS 5/21(a), 21(p)(1) (West 1996).  

Specifically, I agree with the circuit court's determination that these sections of the IEPA were intended by the General Assembly to cover only an owner or operator of an illegal dump site.  As the circuit court correctly noted, the phrase "cause or allow" when used in other sections of the IEPA are intended to apply only to acts of owner or operators of dump sites.   In determining the legislature's intent, the language of the statute as a whole must be examined, and each part or section must be considered in connection with every other part.  
Antunes v. Sookhakutch
, 146 Ill.2d 477 (1992).  

For the foregoing reasons, I dissent.

FOOTNOTES
1: For the remainder of this opinion, we use the term “off-

site generator” to refer to any person who deposits waste on property which they do not own or control.