JACK McINTYRE et al., d/b/a Jack & Dwight's NuWay Auto Salvage and Sales, Petitioners, v. THE POLLUTION CONTROL BOARD et al., Respondents.

(No. 72-18;

Third District—December 15, 1972.

Marshall E. Douglas, of East Moline, for appellants.

Prescott E. Bloom, of Peoria, for appellees.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

In an action commenced by the Environmental Protection Agency before the Pollution Control Board, Jack McIntyre and Dwight Rowe, d/b/a Jack & Dwight's NuWay Auto Salvage and Sales, were found to have violated the Environmental Protection Act and were fined $1,000 and perpetually enjoined from violating the Act. Petitioners, McIntyre and Rowe, are seeking review of the Board's order pursuant to the terms of the Administrative Review Act. It is undisputed that petitioners McIntyre and Rowe, conducted a car salvage business and that such business so far as its nature and use of the premises is concerned, was a lawful business. Petitioners were charged with the violation of Sections 9 (a) and 9 (c) of the Environmental Control Act (Ill. Rev. Stat. ch. 111½, par. 1009 (a) and (c) ), and regulations of the Agency relating to air standards, 2—1.1 and 2—1.2. Specifically petitioners were charged on eleven separate dates ranging from October 23, 1970 to August 9, 1971 with having "* * * knowingly, openly and notoriously * * * caused or allowed open burnings of refuse and conducted salvage operations by open burning * * *".

Section 9 (c), Ill. Rev. Stat., ch. 111½, par. 1009 (c), contains a prohibition against "* * * conducting any salvage operation by open burning * * *".

Also in force at the time of the Acts enumerated in the Environmental Protection Agency's Complaint were the Rules and Regulations Governing the Control of Air Pollution of the Illinois Air Pollution Control Board, as amended August 19, 1969, continuing in effect pursuant to Section 49 (c) of the Act. Ill. Rev. Stat. ch. 111½, par. 1049 (c).

In Chapter 1 of the Air Rules, the term "open burning" is defined as follows:

"Any burning of combustible materials wherein the products of

combustion are emitted directly into the open air without passing through a stack or chimney."

Chapter 2, Sections 2—1.1 and 2—1.2, read as follows:

"2—1.1 No person shall conduct a salvage operation by open burning.

2—1.2 No person shall cause, suffer, allow, or permit open burning of refuse except as provides in Section 2—1.4."

■■ Petitioners assign as their only error that the order of the Board is contrary to the manifest weight of the evidence, the usual rule to be applied in determining the propriety of an Administrative Board's determination. *Parker v. Dept. of Registration* (1955), 5 Ill.2d 288, 125 N.E.2d 494.

The Agency in support of the charges presented the testimony of eight witnesses, three of whom were residents of the area, three of whom were deputy sheriffs, one a county pollution officer and one an engineer for the Environmental Control Agency. In addition to the testimony of McIntyre and Rowe, five other witnesses of whom three were employees, testified in behalf of the petitioners.

After hearing the testimony two members of the Board held the violation of Section 9 (c) had been proved while the third member of the Board dissented concluding that the statutory violation charged had not been proved. We have reviewed the evidence and it is our conclusion that it is insufficient to support the determination by the majority of the Board that the petitioners were guilty of the statutory violation charged.

We find it unnecessary to detain the evidence of each of the witnesses because the resolution of the issue depends primarily upon the meaning of the statute and its application to the facts which in themselves are substantially undisputed.

The testimony of Marshall Monarch, Director of Quad Cities Area Regional Air Pollution Control Board, may be summarized as an example of the testimony presented to the Board. He stated that on November 21, 1970, he saw an overturned car smoldering seeming to have been on fire. Other cars were located nearby with upholstering inside and there was also a crane in the area. The witness talked to Rowe, one of the petitioners, and was told that the fire had started while an acetylene torch was being used to cut up a car body. Monarch suggested that a fire extinguisher or fire truck of some kind should be available to put out such fires. In fact other testimony indicated that a water tank was thereafter mounted on a pick-up truck for that purpose. There is nothing in the witness's testimony from which it can be inferred that he believed the fire in the particular car was deliberately set, that the salvage yard operators were burning refuse for the purpose of disposing of it or that

the petitioners or their employees were burning out cars, after stripping in order to get rid of the combustible parts such as upholstering which were of no value.

The testimony of the other witnesses is to the same effect namely that fires had occurred on the premises and that on several occasions a neighboring fire department had been summoned to help extinguish the fires. None of the witnesses presented any testimony from which it could be reasonably inferred that any of the fires were deliberately instituted and indeed the fires were generally characterized as accidental or the result of ineffectual fire prevention precautions.

■■■ In summarizing the evidence it may be said that viewing it most favorably to the Agency it appears that fires occurred on the premises, that the premises were used as an auto salvage yard and that from seven to nine fires may have occurred from July 1, 1970 through August 9, 1971. However the mere occurrence of a fire is not a violation of Section 9 (c) of the Environmental Control Act. (Ill. Rev. Stat., ch. 111½, par. 1009 (c).) The prohibited conduct is open burning for a specified purpose, *i.e.* as charged in the complaint "* * * knowingly, openly and notoriously * * * caused or allowed open burning of refuse and conducted salvage operations by open burning * * *". The motive, intent or purpose to institute or permit open burning for the purpose of disposing of refuse either by itself or as an incident to salvage must be shown before any statutory violation can be proved. As pointed out in the dissent neither the occurrence of a fire nor its frequency is sufficient to justify the inference that the petitioners were resorting to open burning of junked cars incident to the salvage operation.

For the foregoing reasons the order of the Pollution Control Board is reversed.

Order reversed.

ALLOY and DIXON, JJ., concur.