BATH, INC., *et al.*, Petitioner, *v.* THE POLLUTION CONTROL BOARD *et al.*, Respondents.

(No. 11658;

Fourth District—March 27, 1973.

Lloyd F. Latendresse, of Decatur, for petitioners.

William J. Scott, Attorney General, of Springfield, (Larry R. Eaton, Special Assistant Attorney General, of counsel,) for respondents.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Bath, Inc., as owner and lessor of a certain landfill in Macon County, Illinois, and John H. Walker and John L. Walker, lessees of the landfill, were found to be in violation of certain rules and regulations relating to landfills. A fine of $2000 was imposed upon the owner corporation. A petition for variance submitted to the Pollution Control Board was denied by the Board in the consolidated enforcement and variance hearing. The appealed order of the Pollution Control Board also required that Bath, Inc., and Walker cease and desist from violations of the rules and regulations and specifically that: (a) Refuse shall be spread and compacted as rapidly as it is admitted to the site; (b) Refuse shall be covered daily as required by the Rules; (c) Cinders shall not be used as cover material; (d) Salvaging shall be carried out in a sanitary manner, salvaged materials being removed from the site daily or properly stored as required by the Rules; and (e) Underground burning shall not be permitted.

Upon this appeal from the order of the Board, the petitioners contend that the statute under which the rules were adopted is invalid as an unlawful delegation of legislative power. The findings of the Pollution Control Board are alleged to be against the manifest weight of the evidence, and, finally, the rules are said to be violative of due process and that they bear no reasonable relationship to any valid end to be accomplished.

We affirm the order of the Pollution Control Board in its entirety.

The rules that petitioners were found to have violated were adopted in 1966 by the Department of Public Health pursuant to the provisions of Illinois Revised Statutes 1967, ch. 111½, pars. 471-476. That statute, the Illinois Refuse Disposal Law, provided that the Department of Public Health should supervise the operation and maintenance of refuse disposal sites and facilities and that it should prescribe rules and regulations with reference to the operation of said sites and defined the terms used in the Act. So far as is here concerned, the rules under review relate to spreading and compacting, cover, salvage operations, and prohibited activities, specifically, burning except in an approved incinerator.

The rules as adopted by the Department of Public Health in 1966 were filed with the Secretary of State upon their adoption. Upon the enactment of the Environmental Protection Act in 1970, the former

Illinois Refuse Disposal Law was repealed. By the terms of the Environmental Protection Act, and specifically section 1049 (c), as a transitional measure, the legislature provided that the rules of the Department of Public Health on subjects embraced in the Illinois Refuse Disposal Law would remain in effect until action of the Pollution Control Board repealing, altering, or replacing such rules. See Ill. Rev. Stat. 1970, ch. 111½, par. 1049(c).

■■ We find no merit in the contention of the petitioners that the rules are invalid by reason of want of legislative standards in the statutory provision authorizing the promulgation of rules. We deem it unnecessary to discuss such issue at length for the reason that the legislature in 1970 took cognizance of the rules and by the referred-to section of the Environmental Protection Act indicated legislative approval of those rules. The argument of the petitioners that the delegation of authority to make rules was an abdication of legislative responsibility and an unlawful delegation can hardly be persuasive under such circumstance.

We are in agreement with the observations of the court set forth in *Ford v. Environmental Protection Agency*, 9 Ill.App.3d 711, 292 N.E.2d 540:

> "By reason of the increasing complexity of society and the burdens on all branches of government, courts and legislatures alike in the past 50 years have come to recognize that the delegation of functions to boards, commissions and agencies, is becoming more and more essential to efficient government. Speaking in *Reif v. Barrett*, 355 Ill. 104, 132, the Illinois Supreme Court has said:
>
>> 'Where the legislative body has the power to enact a law as a necessary adjunct to such power it has the legal right to adopt a procedure for the administration of such law. It may do this through commissions, or through boards, and it may grant to such administrative bodies certain authority and certain powers in keeping with the spirit of the act for the practical application and operation of the law.'
>
> Although the essentially legislative and judicial powers cannot be delegated, we believe it implicit in the authorities that where direct or immediate judicial action is inexpedient or impractical, quasi-judicial functions may be conferred upon and exercised by an administrative agency, provided the laws conferring such powers are complete in their content; are designed to serve a general public purpose; are such as to require a consistent and immediate administration; and further provided that all administrative actions are subject to judicial review. See: *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 60 S.Ct. 907; *Reif v. Barrett*,

355 Ill. 104; *Department of Finance v. Cohen,* 369 Ill. 510; *McRae v. Robbins* (Fla.), 9 So.2d 284; 1 Davis, *Administrative Law Treatise,* sec. 2.10."

We turn next to the issue of whether the findings of the Pollution Control Board as to specific violations are contrary to the manifest weight of the evidence. The record before us in this case amply demonstrates that the operation of a landfill was contrary to the rules and regulations. We find those rules and regulations to be valid. Indeed, without reciting the evidence, we note that many of the findings of the Pollution Control Board are based upon the testimony of the petitioners themselves to the effect that their operations were not in compliance with the rules. Such testimony is argumentative in nature in that the petitioners assert that the rules are undesirable, unreasonable or that they have a better notion as to what the rules should be. The photographic evidence in this record establishes the existence of the referred-to violations beyond any controversy.

On the issue of the finding as to the existence of underground burning, the petitioners assert that neither they or other witnesses knew the cause of the underground burning, and implicit in their argument is that a violation cannot be predicated upon the existence of burning in the absence of a finding that the petitioners by their affirmative act caused, or intended, the burning. This argument is not persuasive. The rule prohibits burning except in an approved incinerator and the balance of the rules relate to a handling of the refuse in the landfill so as to eliminate burning: It is not an element of a violation of the rule that the burning was knowing or intentional. We hold that knowledge, intent or scienter is not an element of the case to be established by the Environmental Protection Agency at the hearing before the Pollution Control Board upon the issue of burning. In this connection, see 46 A.L.R.3d 758, and the cases there collected.

No issue is presented that the fine imposed was made to apply only to the corporate defendant.

The order of the Pollution Control Board is affirmed.

Affirmed.

SMITH and SIMKINS, JJ., concur.