ALTON AND SOUTHERN RAILWAY COMPANY, Respondent-Appellant, *v.* THE POLLUTION CONTROL BOARD, Complainant-Appellee—(Harshany Incorporated *et al.*, Respondents-Appellees.)

(No. 72-329;

Fifth District—June 4, 1973.

Walker and Williams, of Belleville, (Harry J. Sterling, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, (Thomas J. Immel and Dale R. Turner, Assistant Attorneys General, of counsel,) for appellees.

Mr. JUSTICE CREBS delivered the opinion of the court:

The Environmental Protection Agency filed a complaint against Harshany, Inc. and others, including the Alton and Southern Railway Com-

pany charging open burning of automobiles. After a hearing a penalty of $1,000 was assessed against Harshany, Inc. and Alton and Southern jointly. The Alton and Southern filed a petition for review.

The evidence established that for many years Peter Harshany, operating as Harshany, Inc., had conducted an auto salvage operation. Part of his operation was on land which he owned, part on land leased from Alton and Southern and part on unleased Alton and Southern right-of-way. There was evidence that fires occurred on March 10, 1971, June 9, 1971, June 18, 1971 and March 3, 1972.

Both March fires occurred on the Harshany owned land and hence are not involved in the case against Alton and Southern. There was some question whether work done on the unleased Alton and Southern right-of-way was by Harshany or persons working in connection with him that he described as "contractors". At any rate, auto salvage work was done on the right-of-way by persons who were trespassers over a period of time of sufficient length that Alton and Southern would be presumed to have had notice that such work was being done. There was also evidence that deliberate burning of junk autos had taken place on this property in the past but these occurrences were not identified as to time and thus such burning is not definitely shown to have occurred subsequent to such action being prohibited.

Fires are shown to have occurred on June 9 and June 18, 1971 on this tract. The representative of the Environmental Protection Agency was not able to determine the cause of these fires. Mr. Harshany testified that the fires were accidental.

Even if we assume that the fires of June 9th and 18th constituted violations under the act, these are the only violations shown to have occurred on Alton and Southern land. With no evidence in the record showing actual notice of violations, we cannot assume notice from these two occurrences just a few days apart.

From the fact that Alton and Southern may be presumed to know that salvage operations were being conducted on their land, it does not follow that they may be presumed to know that the operations were being conducted illegally.

For the foregoing reasons the decision of the Illinois Pollution Control Board as to the Alton and Southern Railway Company is reversed.

Reversed.

EBERSPACHER, P. J., and G. MORAN, J., concur.