PAUL HINDMAN, Petitioner, *v.* THE POLLUTION CONTROL BOARD *et al.*, Respondents.

Fifth District   No. 75-376

Opinion filed October 26, 1976.

EBERSPACHER, J., dissenting.

James K. Powless and Kenneth B. Powless, both of Marion, for petitioner.

William J. Scott, Attorney General, of Springfield (Steven Watts, Assistant Attorney General, of counsel), for respondents.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Pursuant to the terms of the Administrative Review Act, Paul Hindman seeks review of an order by the Illinois Pollution Control Board which found him guilty of violating the Environmental Protection Act (Ill. Rev. Stat., ch. 111½, par. 1001) and certain rules established by the Board under that Act. The order provided that he cease and desist operations of his refuse burning plant unless an operating permit was applied for within 30 days and obtained within 120 days and fined him $500 for failure to obtain an operating permit and $250 for causing or allowing open burning of refuse.

In his petition Hindman contends that the decision of the Board that he caused or allowed the open burning of refuse was against the manifest weight of the evidence and that the imposition of penalties totaling $750 was an abuse of the discretion vested in the Pollution Control Board.

The basic facts are not in dispute. Paul Hindman leases a tract of strip-mined land in Williamson County for the disposal of industrial waste consisting of wood, cardboard and floor sweepings. On July 29, 1974, Calvin Badding, an employee of complainant Environmental Protection Agency, observed and photographed the unloading of refuse at petitioner's landfill site. Later, on August 21, 1974, Badding observed and photographed a fire at the location. He then immediately notified petitioner of the fire and petitioner went to the landfill site and extinguished it. It was never ascertained how the fire started, although there was evidence that a group of motorcycle riders were on the premises at the time. With regard to their possible responsibility, Hindman testified that while he did not see them start the fire, he indicated that "* * * it has been done before * * *." He further testified that neither he nor anyone in his employ was responsible for the fire.

On October 24, 1974, the Environmental Protection Agency filed a complaint with the Pollution Control Board charging that petitioner failed to secure the necessary operating permit and caused or allowed the open burning of refuse. At the hearing which was held on January 10, 1975, the testimony of Calvin Badding established the violations set out above. The photographs were introduced to support his testimony. He indicated that after several warning letters from the Environmental Protection Agency between November 1973 and April 1974, petitioner filed an application

for a permit on April 29, 1974. This application was denied by letter dated June 3, 1974. Rule 202(b)(1) of the Illinois Pollution Control Board Rules and Regulations, Solid Waste, required that an operating permit be obtained by July 27, 1974, one year after the effective date of the regulations.

At the hearing petitioner did not deny that refuse was unloaded at the site on July 29, 1974, nor did he deny the existence of the fire on August 21, 1974. However, as previously noted, he explicitly denied having started the fire. While the Environmental Protection Agency records did not so indicate, it was his position that he applied for an operating permit in November 1973 and reapplied with the same application in April 1974 after the Agency failed to act on his earlier application. The Agency confirmed that the April 1974 application was dated in November 1973 but indicated that their records did not show the existence of the November 1973 permit application. After the denial of the April 1974 application, which petitioner prepared personally, he sought the aid of various engineering firms to provide the technical information necessary for successful application. He testified that he had great difficulty securing these services but had employed an engineer at the time of the hearing.

In its order and opinion of May 8, 1975, which found petitioner guilty of the violations as charged, the Pollution Control Board emphasized with respect to the open burning violation "that Rule 311 provides that no person shall cause *or allow* open burning at a sanitary landfill." (Emphasis in original.) The Board then noted that violations of the statute and regulations were not limited to deliberate actions but included "[n]egligence, indifference and slipshod operation of a facility having a high potential of combustion * * *." Referring to petitioner's statement that "it has been done before," the Board concluded that he was on notice as to the possibility of trespassers starting fires, and held him accountable despite the lack of any evidence of his personal responsibility. For this violation the Board assessed a penalty of $250.

With respect to petitioner's failure to secure an operating permit, the Board regarded the controversy as to when the original application was filed as irrelevant, considered petitioner's actions as generally dilatory, and assessed a penalty of $500.

■■ Petitioner challenges the Board findings that he caused or allowed the open burning of refuse as against the manifest weight of the evidence. He argues that there was no showing of motive, intent, or purpose to institute or permit the open burning of refuse and that such scienter is necessary before a statutory violation can be proved. The case of *Bath, Inc. v. Pollution Control Board*, 10 Ill. App. 3d 507, 294 N.E.2d 778, and subsequent authorities are dispositive of this contention. In *Bath* the operator of a landfill was found by the Pollution Control Board to have

violated rules adopted under the Refuse Disposal Act of 1966 which prohibited underground burning of refuse. There, as here, the petitioners argued that a violation cannot be predicated upon the mere existence of burning in the absence of a finding that petitioners actually caused or intended the fire. In rejecting this position the court commented:

> "It is not an element of a violation of the rule that the burning was knowing or intentional. We hold that knowledge, intent or scienter is not an element of the case to be established by the Environmental Protection Agency at the hearing before the Pollution Control Board upon the issue of burning." 10 Ill. App. 3d 507, 510.

Other authorities have adopted the *Bath* standard and have concluded that the Environmental Protection Act is *malum prohibitum*, there being no proof of guilty knowledge or mens rea necessary to support a finding of guilt. (See *Meadowlark Farms, Inc. v. Pollution Control Board*, 17 Ill. App. 3d 851, 308 N.E.2d 829; *Cobin v. Pollution Control Board*, 16 Ill. App. 3d 958, 307 N.E.2d 191.) We deem this rationale applicable in the instant case and accordingly hold that petitioner's contention is without merit.

Petitioner further argues that the imposition of fines totaling $750 was an abuse of discretion. On this point our supreme court has recently considered the factors to be weighed in determining whether fines imposed were an abuse of the Board's discretion. In *Southern Illinois Asphalt Co. v. Pollution Control Board*, 60 Ill. 2d 204, 326 N.E.2d 406, the petitioners had failed to comply with agency requirements and the Board ordered substantial monetary penalties. The court looked to the language of *City of Monmouth v. Pollution Control Board*, 57 Ill. 2d 482, 490, 313 N.E.2d 161, 166, in determining the propriety of monetary penalties:

> "The legislative declaration of the purpose of the Act (par. 1002) indicates that the principal reason for authorizing the imposition of civil penalties (par. 1042) was to provide a method to aid the enforcement of the Act and that the punitive considerations were secondary."

Following this rationale, the court in *Southern Illinois Asphalt* affirmed a reversal of the Board's imposition of monetary penalties and concluded that if the penalties are not in aid of the enforcement of the Act and sufficient reasons for punitive measures do not exist, a monetary penalty is not justified.

■■ Applying this standard of *Southern Illinois Asphalt* to the instant case, we agree with petitioner that the amounts of the fines levied were not appropriate. With respect to the open burning violation the fine of $250 could not prevent the recurrence of fires for which he was not fully responsible. While we agree with the Board that Hindman could have

taken steps to eliminate the possibility of fires, we believe a fine of $100 is more appropriate under the circumstances.

■■ As to the fine of $500 for failure to procure the necessary operating permit, we agree with the Board that petitioner failed to demonstrate adequate responsibility. However, the evidence elicited at the hearing indicated that petitioner had made application in April 1974, which application was subsequently rejected. In addition, petitioner testified that an engineering firm was processing his application at the time of the hearing. Furthermore, there was a dispute as to the initial filing date, petitioner's position being that he applied first in November 1973. While it is true that these factors will not excuse the violation of the Act, they tend to show an attempt at good faith compliance relevant to the assessment of monetary penalties. Under these circumstances, we feel that a fine of $200 would have accomplished what the $500 fine sought to accomplish and would have been more closely related to the nature of the violation involved.

Accordingly, the order entered by the Board is affirmed; however, the fine of $250 for the open burning violation shall be reduced to $100 and the $500 fine for failure to secure the necessary operating permit shall be reduced to $200.

Affirmed as modified.

CARTER, J., concurs.

Mr. JUSTICE EBERSPACHER, dissenting:
While I concur in the disposition of the charge based on failure to secure the necessary operating permit, I would reverse the order of the Illinois Pollution Control Board on the charge of open burning as being against the manifest weight of the evidence. The one fire on August 21, 1974, which the respondent extinguished after being notified, was all that was shown as the basis for sustaining the charge of open burning. It is undisputed that petitioner did not set the fire, and there is no evidence that the fire was the result of a lack of reasonable care on the part of petitioner. I consider the holdings of *McIntyre v. Pollution Control Board*, 8 Ill. App. 3d 1026, 291 N.E.2d 253, and *Alton & Southern Ry. Co. v. Pollution Control Board*, 12 Ill. App. 3d 319, 297 N.E.2d 762, as applicable to that charge. The cases upon which the majority sustains the Board on that charge, *Bath, Cobin* and *Meadowlark Farms*, are, in my opinion, clearly distinguishable.