THE PEOPLE OF THE STATE OF ILLINOIS v. GENO FIORINI, d/b/a Cook's Trailer Court *et al.* (Geno Fiorini, d/b/a Cook's Trailer Court, *et al.*, Appellees; The City of Ottawa *et al.*, Appellants).

*Opinion filed May 30, 1991.*

HEIPLE, J., took no part.

Heyl, Royster, Voelker & Allen, of Rockford (Douglas J. Pomatto and Richard K. Hunsaker, of counsel), for appellant Zion Lutheran Church.

John A. Hayner, of Ottawa, for appellant City of Ottawa.

Gerald M. Hunter, of Oglesby, for appellees.

JUSTICE FREEMAN delivered the opinion of the court:

Third-party defendants, the city of Ottawa; Zion Lutheran Church, Member of Missouri Synod (Zion); and Richard Thompson and Glen Thompson (Thompsons), ap-

peal from the appellate court's decision which reversed the trial court's dismissal of the third-party complaint (192 Ill. App. 3d 396). The third-party complaint alleges that third-party defendants are liable for, among other things, injunctive relief and cleanup costs pursuant to section 21 of the Illinois Environmental Protection Act (the Act) (Ill. Rev. Stat. 1985, ch. 111½, par. 1021) for a waste dump site located just west of Ottawa in La Salle County, Illinois. The site contains a ravine and bluff, and overlooks a farmer's field. The site allegedly was improperly used for the dumping of demolition debris, including tires, wood, appliances, scrap metal and steel drums. The third-party complaint alleges that third-party defendants improperly generated, transported, or otherwise arranged for the dumping of the demolition debris on defendants' property.

The underlying action, filed by the Illinois Attorney General on August 13, 1986, seeks injunctive relief and the assessment of statutory penalties against defendants/third-party plaintiffs, Geno Fiorini, d/b/a Cook's Trailer Court, and Bernardine Fiorini (Fiorinis). The State's complaint alleges that the Fiorinis, as owners and operators of the dump site, caused or allowed waste to be deposited in violation of the Environmental Protection Act (Ill. Rev. Stat. 1985, ch. 111½, par. 1001 *et seq.*), the waste disposal regulations of the Illinois Pollution Control Board (35 Ill. Adm. Code §§201.141, 807.101 *et seq.* (1985)), and the Illinois public nuisance act (Ill. Rev. Stat. 1985, ch. 100½, par. 26 *et seq.*).

The three third-party defendants/appellants filed motions to dismiss the counts of the third-party complaint drawn against them. The trial court granted the motions on November 23, 1987, and December 4, 1987, holding that contribution was not available to defendants. The appellate court reversed, holding in part that the Envi-

ronmental Protection Act failed to preclude the filing of third-party complaints.

On appeal to this court, third-party defendants contend that: (1) the third-party complaint is barred since defendants failed to exhaust administrative remedies prior to filing the third-party complaint; (2) third-party injunctive relief is not available to a party against whom injunctive relief is sought; (3) the third-party complaint improperly seeks to usurp the prosecutorial discretion of the Illinois Attorney General; (4) the third-party complaint fails to allege facts sufficient to invoke the trial court's equitable jurisdiction; (5) no right of contribution exists where the underlying complaint alleges intentional conduct by defendants/third-party plaintiffs; (6) the appellate court erroneously held that section 2—406(b) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—406(b)) provides defendants with standing to bring the third-party complaint; (7) section 2—406 of the Code of Civil Procedure does not allow for the proportioning of injunctive relief among potentially culpable parties; (8) assuming that a right of contribution exists in an action brought under the Act, nevertheless, third-party defendants Zion and Thompsons, as off-site generators, are not within a class of persons from whom defendants/third-party plaintiffs can seek relief under the Act; (9) allowing third-party complaints from actions brought under the Act would undermine the regulatory and punitive effect of the Act and insulate the named defendants/third-party plaintiffs from liability under the Act; (10) site clean-up costs are punitive in nature and therefore not recoverable through a third-party action under the Act; and (11) allowing third-party actions in causes filed pursuant to the Act would frustrate the legislative intent of the Act to provide for private causes of action for third-party violations, and thus circumvent the

Illinois Constitution's provision regarding a healthful environment (Ill. Const. 1970, art. XI, §2).

Defendants/third-party plaintiffs respond by asserting, among other things, that the recent amendment to section 45 of the Act (Pub. Act 86—1362, eff. Jan. 1, 1991 (amending Ill. Rev. Stat. 1989, ch. 111½, par. 1045)) indicates the legislative intent to allow for the filings of third-party complaints from suits brought under the Act.

For the reasons stated below, we affirm the appellate court's holding as modified by this opinion, and remand this matter for further proceedings before the trial court.

Initially, we briefly review the allegations of the underlying action. Count I of the State's four-count complaint alleges that defendants violated sections 21(a), (d) (the complaint quotes the language of subsection (d), and then mislabels the quoted language as subsection "(b)" of the Act) and (e) of title V of the Act (Ill. Rev. Stat. 1985, ch. 111½, pars. 1021(a), (d), (e)), regarding land pollution and refuse disposal; and sections 807.201 and 807.202(a) of the waste disposal regulations of the Pollution Control Board (35 Ill. Adm. Code §§807.201, 807.202(a) (1985)). Count I alleges that defendants, among other things, caused or allowed the open dumping of waste; conducted a waste-storage or waste-treatment operation without a permit; and improperly disposed, treated, or stored waste.

Count II alleges that on April 20, 1986, a fire burned at the disposal site, causing harm to nearby residents, in violation of section 9(a) of title II of the Act (Ill. Rev. Stat. 1985, ch. 111½, par. 1009(a)) and section 201.141 of the air pollution regulations of the Pollution Control Board (35 Ill. Adm. Code §201.141 (1985)). Count III alleges that the open dumping, storage and burning of wastes constituted a public nuisance under the Illinois

public nuisance act (Ill. Rev. Stat. 1985, ch. 100½, par. 26 *et seq.*). Count IV alleges that the conditions at the site and the effect on nearby residents constituted a common law public nuisance.

The complaint seeks an injunction which would, among other things, restrain defendants from burning or disposing of any waste at the site, direct defendants to complete remedial actions necessary to eliminate contamination at the site, and require defendants to restrict public access to the site. The complaint also seeks assessment of civil penalties and the costs of the suit.

On June 9, 1987, defendants, with leave of court, filed their responsive pleading, which they entitled a "counterclaim." The allegations of their responsive pleading are the subject of the instant appeal. The pleading is drawn in six counts and asserts claims against appellants, the city of Ottawa, Zion, and the Thompsons; and additionally names the United States of America, Housing and Urban Development Agency; the Catholic Diocese of Peoria; and trustees of Ottawa Elementary School District Number 141. Only counts I, IV, and V of the pleading, drawn against the city of Ottawa, Zion, and the Thompsons, are pertinent to the instant appeal. The three other named parties did not join in the motions to dismiss filed by appellants, and are not parties to the instant appeal.

Although defendants' pleading is entitled a "counterclaim," we find that the pleading constitutes a third-party complaint. The distinction is an important one, since the standards for analyzing a third-party complaint differ in significant respects from those applicable to a counterclaim. A counterclaim is an action brought by a named party against another existing party to the action, and is governed by section 2—608 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—608). By contrast, a third-party complaint is an

action brought by an existing party against one or more new parties, none of whom were parties to the original suit. (Ill. Rev. Stat. 1985, ch. 110, par. 2—406.) In the instant case, none of the parties named in defendants' responsive pleading was a party to plaintiffs' original action. Summons was necessary and was issued on each of the parties named in the responsive pleading. In accord with section 2—406 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—406), defendants' pleading thus must be considered as a third-party complaint, rather than a counterclaim.

The pertinent counts of the third-party complaint all allege violations of section 21 of the Environmental Protection Act (Ill. Rev. Stat. 1985, ch. 111½, par. 1021). Section 21 is the only section of the Act cited in these counts. The specific conduct alleged against each of the third-party defendants is as follows. Count I alleges that the city of Ottawa, as a municipal corporation, "caused or allowed" demolition matter from the former Ottawa police and fire station as well as another building located in the city of Ottawa "to be deposited or placed upon" the subject dump site. Count IV alleges that Zion was the owner of real estate containing a parish house in the city of Ottawa, and that Zion "caused the said parish house to be demolished and *** has allowed the debris from said demolition to be deposited upon" the subject dump site. Count V alleges that the Thompsons owned certain improvements, formerly known as the Hillcrest Motel, located west of the city of Ottawa in the Ottawa township. The Hillcrest Motel allegedly was burned and demolished, after which the Thompsons allegedly "caused" the demolition debris "to be removed and deposited upon" the dump site. The third-party complaint alleges that the conduct described violated sections 21(a) and (e) of the Act (the third-party complaint sets forth the language of sections 21(a) and (e) of the Act, and

then mislabels the cited language as sections "9(a)" and "(e)" of the Act) (Ill. Rev. Stat. 1985, ch. 111½, pars. 1021(a), (e)). Sections 21(a) and (e) provide:

"No person shall:

(a) Cause or allow the open dumping of any waste.

* * *

(e) Dispose, treat, store or abandon any waste, or transport any waste into this State for disposal, treatment, storage or abandonment, except at a site or facility which meets the requirements of this Act and of regulations and standards thereunder." Ill. Rev. Stat. 1985, ch. 111½, pars. 1021(a), (e).

As indicated above, third-party defendants raise numerous issues in this court. Before addressing their arguments, however, we must address third-party plaintiffs' assertion that the recent amendment to section 45 of the Act (Pub. Act 86—1362, eff. Jan. 1, 1991 (amending Ill. Rev. Stat. 1989, ch. 111½, par. 1045(b))) applies to the instant case to allow the filing of a third-party complaint. The third-party plaintiffs asserted this argument in their response brief, and the parties spent a significant portion of their time during oral argument addressing this issue. Since the result of the instant matter could turn on whether the new amendment applies, we address this issue before addressing others raised in this appeal.

Third-party plaintiffs contend that the amendment to section 45 makes clear the legislative intent to allow for the bringing of third-party complaints from actions brought pursuant to the Act. The amendment adds subsection (d) to section 45. Further, the amendment changes subsection (b) of section 45, providing an exception to the requirement that a party exhaust administrative remedies prior to suing for injunctive relief. The exception arises where the requirements of subsection (d)

are met. The amended subsection (b) provides, in pertinent part:

> "(b) Any person adversely affected in fact by a violation of this Act or of regulations adopted thereunder may sue for injunctive relief against such violation. *However, except as provided in subsection (d),* no action shall be brought under this Section until 30 days after the plaintiff has been denied relief by the Board in a proceeding brought under subsection (b) of Section 31 of this Act." (Emphasis added.) (Pub. Act 86—1362, eff. Jan. 1, 1991 (amending Ill. Rev. Stat. 1989, ch. 111½, par. 1045(b)).)

The new subsection (d) provides:

> "(d) If the State brings an action under this Act against a person with an interest in real property upon which the person is alleged to have allowed open dumping or open burning by a third party in violation of this Act, which action seeks to compel the defendant to remove the waste or otherwise clean up the site, the defendant may, in the manner provided by law for third-party complaints, bring in as a third-party defendant a person who *with actual knowledge* caused or contributed to the illegal open dumping or open burning, or who is or may be liable for all or part of the removal and cleanup costs. The court may include any of the parties which it determines to have, *with actual knowledge,* allowed, caused or contributed to the illegal open dumping or open burning in any order that it may issue to compel removal of the waste and cleanup of the site, and may apportion the removal and cleanup costs among such parties, as it deems appropriate. However, a person may not seek to recover any fines or civil penalties imposed upon him under this Act from a third-party defendant in an action brought under this subsection." (Emphasis added.) (Pub. Act 86—1362, eff. Jan. 1, 1991 (amending Ill. Rev. Stat. 1989, ch. 111½, par. 1045).)

In their reply brief, third-party defendants contend that the amendment must be applied prospectively only, since there is no express language that the amendment is ef-

fective retroactively. Under this analysis, the amendment would not apply to the instant case.

A general rule of statutory construction is that an amendment will be construed as prospective, absent express language to the contrary. (*Rivard v. Chicago Fire Fighters Union, Local No. 2* (1988), 122 Ill. 2d 303, 308-09.) The presumption of prospectivity is rebuttable by express statutory language to the contrary, or by necessary implication. (*Rivard*, 122 Ill. 2d at 310.) An exception to the rule of prospectivity arises where the legislature intended that the amendment apply retroactively and where the amendment applies only to changes in procedure or remedies, rather than substantive rights. (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 390.) Substantive law establishes rights and duties that may be redressed through the rules of procedure. (*Rivard*, 122 Ill. 2d at 310-11; see Black's Law Dictionary 1429 (6th ed. 1990).) Procedure involves matters relating to pleading, practice, and evidence. *Rivard*, 122 Ill. 2d at 310-11; see Black's Law Dictionary 1203-04 (6th ed. 1990).

In determining whether an amendment is to be applied prospectively or retroactively, the court must not only look to the language of the amendment, but also consider the purpose and objective of the amendment and the legislative history. (*Commonwealth Edison Co. v. Department of Local Government Affairs* (1981), 85 Ill. 2d 495.) The legislative history of the amendment to section 45, including the House and Senate debates, indicates that the amendment was made specifically in response to the appellate court's holding in the instant case. Senator Welch, the sponsor of the bill, indicated during Senate debates that the amendment was necessary in order to bring the statute into accord with the appellate court, third district, opinion. 86th Ill. Gen.

Assem., Senate Proceedings, May 15, 1990, at 126-29; May 16, 1990, at 152-54 (statements of Senator Welch).

In response to the presentation of the amendatory bill, Senator Hawkinson asked what, under the current law, would prevent a third party from being brought into a suit under the Act. Further, Senator Hawkinson asked whether the amendment would create a new cause of action or merely allow for combining already-established causes of action into one proceeding. (86th Ill. Gen. Assem., Senate Proceedings, May 15, 1990, at 127-28 (statements of Senator Hawkinson).) Senator Welch responded that the amendment did not create a new cause of action but was merely a procedural change designed for judicial economy. (86th Ill. Gen. Assem., Senate Proceedings, May 15, 1990, at 128 (statements of Senator Welch).) Further, Senator Hawkinson asked what type of recovery was allowed from a third-party defendant under the proposed amendment. (86th Ill. Gen. Assem., Senate Proceedings, May 15, 1990, at 129 (statements of Senator Hawkinson).) Senator Welch responded that a defendant could recover actual cleanup costs from a third party. (86th Ill. Gen. Assem., Senate Proceedings, May 15, 1990, at 129 (statements of Senator Welch).) During the House debates, Representative Breslin indicated that the amendment "addresses only the procedural issue of when a party to a lawsuit can bring in[ ] third parties." 86th Ill. Gen. Assem., House Proceedings, June 13, 1990, at 42 (statements of Representative Breslin).

The statements of Representative Breslin suggest that the amendment to section 45 is intended to be only procedural, rather than substantive. Further, the statements of Senators Hawkinson and Welch indicate that the amendment is meant to bring the statute into accord with the appellate court opinion in the instant matter, and apparently to reflect prior legislative intent. We

note, however, that while the legislative history of an enactment serves as an invaluable means for aiding in the determination of legislative intent, nevertheless, the express language of the act must also be examined carefully to determine its meaning. As this court stated in *Rivard v. Chicago Fire Fighters Union, Local No. 2* (1988), 122 Ill. 2d 303, "the presumption of prospectivity cannot ordinarily be rebutted merely by contrary statements of individual legislators during legislative debates." (*Rivard*, 122 Ill. 2d at 309.) In the instant case, we must look to the language of the amendment to section 45 to determine whether the amendment should be applied prospectively or retroactively.

The legislature enacted the amendment to section 45 on September 7, 1990, and made the amendment effective January 1, 1991. There is no express language in the amendment indicating a legislative intent for retroactive application. We turn then to the text of the amendment to determine whether the amendment applies only to changes in procedure or remedies, rather than substantive rights. *Maiter*, 82 Ill. 2d at 390.

The amended section 45(d) contains language which constitutes a substantive change in the Act. Specifically, the amendment requires that a third-party defendant have "actual knowledge" that he has caused or contributed to illegal open dumping or open burning in order to be found liable under the Act. This requirement digresses from the established rule regarding elements of a violation. In *Phillips Petroleum Co. v. Pollution Control Board* (1979), 72 Ill. App. 3d 217, the court noted that the Act is *malum prohibitum*, that is, that knowledge, intent or *scienter* is not an element of the case to be proven for a violation. (*Phillips Petroleum Co.*, 72 Ill. App. 3d at 220 (citing *Meadowlark Farms, Inc. v. Pollution Control Board* (1974), 17 Ill. App. 3d 851, and *Bath, Inc. v. Pollution Control Board* (1973), 10 Ill. App. 3d

507). See also *Hindman v. Pollution Control Board* (1976), 42 Ill. App. 3d 766.) In *Meadowlark Farms, Inc.*, an action brought by the State for an alleged violation of section 12(a) of the Act (Ill. Rev. Stat. 1971, ch. 111½, par. 1012(a)), the court rejected the petitioner's defense that its lack of knowledge that the discharge of contaminants was occurring preserved it from liability under the Act. *Meadowlark Farms, Inc.*, 17 Ill. App. 3d at 860-61.

While the cited cases do not involve the question before us of whether to allow third-party complaints, the cases consistently hold that knowledge or intent is not an element to be proved for a violation of the Act. The interpretation of the Act by these cases is the established rule in Illinois. The amendment to section 45 which requires proof of knowledge or intent constitutes a substantive change in the law. Therefore, the exception to the rule of prospectivity of an amendment has not been met. Accordingly, the amendment to section 45 must have prospective application only, and cannot be applied retroactively to the instant matter. See *Rivard v. Chicago Fire Fighters Union, Local No. 2* (1988), 122 Ill. 2d 303, 308-09; *Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 390.

Having determined that the new amendment to section 45 of the Act does not apply in this case, we now turn to the issues raised by third-party defendants before this court. Third-party defendants initially assert that the third-party complaint is barred since third-party plaintiffs failed to exhaust administrative remedies, as required by section 45(b) of the Act (Ill. Rev. Stat. 1985, ch. 111½, par. 1045(b)). Third-party defendants assert that since third-party plaintiffs seek injunctive relief under the Act, administrative remedies must first be exhausted before the third-party complaint may be allowed. Section 45(b) provides, in pertinent part:

"Any person adversely affected in fact by a violation of this Act or of regulations adopted thereunder may sue *for injunctive relief* against such violation. *However, no action shall be brought under this Section until 30 days after the plaintiff has been denied relief by the Board under paragraph (b) of Section 31 of this Act.*" (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 111½, par. 1045(b).)

Section 31(b), referenced in section 45(b), provides for the filing of a complaint before the Pollution Control Board, an administrative agency established by the Act. Ill. Rev. Stat. 1985, ch. 111½, pars. 1031(b), 1003(c).

The record in the instant case shows that third-party defendants failed to raise the exhaustion-of-remedies issue before the trial court, either in written motions and memoranda or during oral argument. Further, third-party defendants failed to raise an affirmative defense regarding the failure to exhaust administrative remedies. Third-party defendants apparently first raised this issue in the appellate court, in response to third-party plaintiffs' arguments.

Third-party defendants' failure to raise this issue in the trial court constitutes a waiver by them of the issue. (*Greer v. Illinois Housing Development Authority* (1988), 122 Ill. 2d 462, 508.) However, even assuming, *arguendo*, that the issue is properly before this court, we find that third-party defendants' interpretation of section 45(b) of the Act is strained. Section 45(b) allows "[a]ny person adversely affected in fact by a violation" of the Act to bring an original action in the circuit court for injunctive relief, after exhausting administrative remedies. (Ill. Rev. Stat. 1985, ch. 111½, par. 1045(b).) Section 45(b) does not, however, express the standard for potential third-party complaints brought from actions by the State pending in the circuit court. Further, as this court stated in *People ex rel. Scott v. Janson* (1974), 57 Ill. 2d 451, concurrent jurisdiction exists in the circuit

court and the proper administrative agency for actions alleging violations of the Act. (*Janson*, 57 Ill. 2d at 458-59.) In *Janson* we found that the legislature envisioned multiple remedies under the Act, both governmental and private. (*Janson*, 57 Ill. 2d at 458-59.) The Attorney General has the discretion to initiate actions in the circuit court, without regard to whether actions seeking administrative review have been brought before an administrative agency, where immediate danger to the public health might exist. Ill. Rev. Stat. 1985, ch. 111½, par. 1043.

In the instant case, the trial court had jurisdiction over the original action when the Attorney General filed the complaint in the circuit court. To require that a portion of the instant action be heard before the Pollution Control Board at this juncture would frustrate judicial economy and common sense. (See *Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350.) Accordingly, we reject third-party defendants' argument that the third-party complaint is barred since third-party plaintiffs failed to exhaust administrative remedies.

Next, third-party defendants assert that the third-party complaint improperly seeks to usurp the prosecutorial discretion of the Attorney General. Third-party defendants assert that *People ex rel. Scott v. Janson* (1974), 57 Ill. 2d 451, "stands for the general proposition" that there are two routes available for obtaining relief under the Act. The first route, available exclusively to the Attorney General or State's Attorney, is an action for injunctive relief and civil penalties filed in the circuit court, as provided for in section 42 of the Act (Ill. Rev. Stat. 1985, ch. 111½, par. 1042). The other route, the only one available to private parties, requires that all administrative remedies be exhausted prior to judicial review. Third-party defendants fail to cite specifically to a section of the Act to support their assertion regarding

this second route for relief. *Janson*, however, fails to support third-party defendants' proposed interpretation. Rather, as stated above, *Janson* stands for the proposition that concurrent jurisdiction exists in the circuit court and the proper administrative agency for actions alleging violations of the Act.

In addition to *Janson*, third-party defendants cite *People v. Buffalo Confectionery Co.* (1980), 78 Ill. 2d 447, and other cases which address the discretionary authority of the Attorney General, and the duties and powers of the Attorney General *vis-a-vis* the State's Attorney, pursuant to the Act. (*People ex rel. Barrett v. Finnegan* (1941), 378 Ill. 387; *Marcisz v. Marcisz* (1976), 65 Ill. 2d 206; *Doyle v. Rhodes* (1984), 101 Ill. 2d 1.) The cases cited, however, do not support the third-party defendants' assertion that the bringing of a third-party complaint from the State's suit would improperly usurp the Attorney General's prosecutorial discretion.

Further, the language of the statute itself fails to support third-party defendants' proposed interpretation regarding methods for obtaining relief under the Act. Section 45(b) states that a private party may bring an action for a violation of the Act under certain circumstances (Ill. Rev. Stat. 1985, ch. 111½, par. 1045(b)), while section 42 allows for the Attorney General or a State's Attorney to bring an action under other specified circumstances (Ill. Rev. Stat. 1985, ch. 111½, par. 1042). Sections 45 and 42, however, fail to preclude third-party actions. Nor do we find any other provisions in the Act which preclude the bringing of third-party actions. We find that allowing third-party complaints to be brought from actions filed under the Act, within certain parameters as set forth in this opinion, leaves intact the prosecutorial discretion of the Attorney General and State's Attorney regarding initiating suits as provided in the Act.

Third-party defendants next assert that third-party injunctive relief is not available to a party against whom injunctive relief is sought. Third-party defendants cite *Leiter v. Field* (1887), 24 Ill. App. 123, for the proposition that a complainant cannot be compelled to add parties to his action, if he chooses not to name them as parties. Apparently, third-party defendants contend that *Leiter* supports their argument that third-party plaintiffs should not be allowed to bring a third-party action. *Leiter*, however, does not buttress third-party defendants' assertion. *Leiter* does not address the question as to whether third-party relief is available to a party against whom injunctive relief is sought. Third-party defendants also cite *McElhanon v. McElhanon* (1872), 63 Ill. 457, for the proposition that a person cannot be both plaintiff and defendant in the same suit in chancery. *McElhanon* sets forth the common law rule that a party "legally interested" in each side of an action cannot be both plaintiff and defendant. (*McElhanon*, 63 Ill. at 458.) *McElhanon*, however, fails to address the issue of third-party complaints in a suit in equity, and does not preclude the bringing of third-party actions.

Third-party defendants also cite Justice Stouder's dissenting opinion which states that the majority fails to cite authority to support its conclusion that third-party actions *can* be brought from an action for injunctive relief. Case law, however, indicates that third-party injunctive relief may be sought, under proper circumstances, by one against whom injunctive relief is sought. (See *Concerned Boone Citizens, Inc. v. M.I.G. Investments, Inc.* (1986), 144 Ill. App. 3d 334; *Superdawg Drive-In, Inc. v. City of Chicago* (1982), 109 Ill. App. 3d 525; *Cascade Local Lodge No. 297 v. International Association of Machinists* (9th Cir. 1982), 684 F.2d 609.) In the instant case, we decline to hold, as a matter of law, that third-party injunctive relief cannot be properly sought.

The initial determination of the propriety and scope of injunctive relief for any party is for the trial court. Among the considerations of the trial court are whether jurisdiction is proper, the sufficiency of the pleading before it, and the evidence presented. (See *Hecht Co. v. Bowles* (1944), 321 U.S. 321, 88 L. Ed. 754, 64 S. Ct. 587; *In re Marriage of Presson* (1984), 102 Ill. 2d 303; *Slack v. City of Salem* (1964), 31 Ill. 2d 174.) The question of the propriety and scope of any specific type of injunctive relief sought by the parties thus is not before us. Therefore, we are remanding this cause to the trial court for further proceedings in accord with this holding.

Third-party defendants also contend that the appellate court erred in holding that section 2—406 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—406) allows a third-party plaintiff to file a third-party complaint in an action brought under the Environmental Protection Act. First, third-party defendants assert that contribution actions cannot be brought, since only intentional conduct must be alleged for recovery under the Act. We have found that intent or knowledge has not been recognized as an element to be proven for a violation of the Act (see *Phillips Petroleum Co. v. Pollution Control Board* (1979), 72 Ill. App. 3d 217; *Meadowlark Farms, Inc. v. Pollution Control Board* (1974), 17 Ill. App. 3d 851; *Bath, Inc. v. Pollution Control Board* (1973), 10 Ill. App. 3d 507; *Hindman v. Pollution Control Board* (1976), 42 Ill. App. 3d 766). Accordingly, we reject third-party defendants' argument that contribution is precluded because only intentional conduct can be alleged under the Act.

Second, third-party defendants assert that section 2—406 cannot be used to maintain entirely separate and independent claims against a third party. Third-party defendants assert that third-party plaintiffs would need to rely upon different statutes, present different sources

of evidence, focus upon different acts and conduct, and perhaps apply different standards of law regarding their third-party complaint as compared to the underlying complaint. Also, third-party defendants assert that section 2—406 of the Code does not envision the proportioning of injunctive remedies among parties allegedly jointly culpable under the Environmental Protection Act.

Section 2—406 provides, in pertinent part:

> "(b) Within the time for filing his or her answer or thereafter by leave of court, a defendant may by third-party complaint bring in as a defendant a person not a party to the action who is or may be liable to him or her for all or part of the plaintiff's claim against him or her." (Ill. Rev. Stat. 1985, ch. 110, par. 2—406.)

In *Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, this court stated that the purpose of section 2—406 (formerly section 25(2) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 25(2))) is to save time and costs of bringing a separate action, to ensure consistent results from the same evidence, and to avoid a difference in time for a defendant between a judgment against him and a judgment in his favor against a third-party defendant. (*Muhlbauer*, 39 Ill. 2d at 229.) The appellate court of this State has discussed the additional restriction that section 2—406 cannot be used to maintain an entirely separate and independent claim against a third party, even if the claim arises out of the same general facts as the main claim. See *Filipponio v. Bailitz* (1978), 73 Ill. App. 3d 389; *Scott & Fetzer Co. v. Montgomery Ward & Co.* (1984), 129 Ill. App. 3d 1011, *aff'd* (1986), 112 Ill. 2d 378; *Kiest v. Esmond* (1989), 179 Ill. App. 3d 1055; *Ketcham v. Consolidated Rail Corp.* (1986), 146 Ill. App. 3d 196; *Jennings v. Wessel Construction Co.* (1981), 101 Ill. App. 3d 510.

Further, section 2—406 requires a showing that the third-party defendant is or may be liable to third-party

plaintiff for all or part of the plaintiff's claim against third-party plaintiff. Section 2—406 allows a defendant to bring in a new party who is or may be liable to him. (*Muhlbauer*, 39 Ill. 2d at 230.) Section 2—406, however, cannot be used to tender a new defendant to the plaintiff, and it does not create substantive rights. (*Muhlbauer*, 39 Ill. 2d at 230.) Accordingly, a third-party complaint must be dismissed if it fails to state a cause of action by the defendant against the third-party defendant. (*Muhlbauer*, 39 Ill. 2d at 230; *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1. See also 3 R. Michael, Illinois Practice: Civil Procedure Before Trial §25.5 (1989).) Section 2—406 has, as a rule, been invoked only for contribution or indemnification claims. (See *Bio-Scientific Clinical Laboratory, Inc. v. Todd* (1986), 149 Ill. App. 3d 845.) The restriction requiring that the liability alleged in the third-party action be derivative of the liability of the original defendant has led to this limitation on the use of section 2—406. See 3 R. Michael, Illinois Practice: Civil Procedure Before Trial §25.5 (1989).

It is of interest to note that prior to the judicial recognition, in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, of a right to contribution among joint tortfeasors, and the subsequent enactment of the "Act in relation to contribution among joint tortfeasors" (the Contribution Act) (Ill. Rev. Stat. 1979, ch. 70, par. 301 *et seq.*), the statutory provision allowing third-party claims (Ill. Rev. Stat. 1977, ch. 110, par. 25 (currently Ill. Rev. Stat. 1989, ch. 110, par. 2—406)), expressly limited the types of actions which could be brought. The former section 25 stated, in part, that "[n]othing herein applies to liability insurers or creates any substantive right to contribution among tortfeasors or against any insurer or other person which has not heretofore existed." (Ill. Rev. Stat. 1977, ch. 110, par.

25(2).) The current section 2—406 retains former section 25's exclusion for liability insurers, but omits the language regarding contribution, since contribution is now provided for under the Contribution Act.

We find that the pre-Contribution Act provisions of section 25 demonstrate the legislature's reluctance to allow reliance on section 2—406 as creating new substantive rights. Rather, the language of section 25 indicates that the section merely set forth procedural rules. Accordingly, we decline to read into section 2—406 an allowance for the bringing of a third-party action based on theories or methods not clearly established. Thus, in the case at bar, if third-party plaintiffs fail to properly assert a claim based either on the Contribution Act or a recognized method for obtaining indemnification, then the third-party complaint must fail. See *Heinrich v. Peabody International Corp.* (1984), 99 Ill. 2d 344, *on remand* (1985), 139 Ill. App. 3d 289; *Allison v. Shell Oil Co.* (1986), 113 Ill. 2d 26.

The trial court in the instant case, in effect, determined that contribution, as a matter of law, was not available from the State's action alleging a violation of the Act. Thus, the trial court failed to determine whether the requirements of an action for contribution were properly alleged, in order for the third-party complaint to survive third-party defendants' motion to dismiss. No contract or other proposed basis for indemnification was alleged in the trial court. Under these circumstances, the trial court failed to properly exercise its discretion in ruling on the motion to dismiss. Where a trial court applies an erroneous rule of law to a matter regarding which it must exercise its discretion, then the trial court's discretion has been frustrated, and a remandment of the matter to the trial court is proper, in order that a determination may be made in accord with the proper rule of law. (See *People ex rel. Chesapeake &*

*Ohio Ry. Co. v. Donovan* (1964), 30 Ill. 2d 178; *People ex rel. Barnes v. Chytraus* (1907), 228 Ill. 194.) Accordingly, we remand the instant matter to the trial court for a determination as to the sufficiency of the third-party complaint in accord with this opinion. See *Burke v. Sky Climber, Inc.* (1974), 57 Ill. 2d 542.

Third-party defendants also assert that no right of contribution exists where the underlying complaint alleges that defendants/third-party plaintiffs are guilty of intentional conduct. Third-party defendants assert, citing the dissenting opinion of Justice Stouder, that there can be no claim that third-party defendants negligently violated the Environmental Protection Act. Rather, only allegations of intentional conduct or violations can be brought pursuant to the Act. Third-party defendants contend that since this court has held that intentional tortfeasors are not entitled to contribution (*Gerill Corp. v. Jack L. Hargrove Builders, Inc.* (1989), 128 Ill. 2d 179), there is no right of contribution in actions brought pursuant to the Environmental Protection Act.

In view of our finding, set forth above, that intent is not an element to be proven for a violation under the Act (see *Phillips Petroleum Co. v. Pollution Control Board* (1979), 72 Ill. App. 3d 217; *Meadowlark Farms, Inc. v. Pollution Control Board* (1974), 17 Ill. App. 3d 851; *Hindman v. Pollution Control Board* (1976), 42 Ill. App. 3d 766; *Bath, Inc. v. Pollution Control Board* (1973), 10 Ill. App. 3d 507), we reject third-party defendants' argument that the holding of *Gerill* precludes an action for contribution in the instant case. Further, the record fails to indicate that intentional conduct has been alleged in the original complaint.

Third-party defendants further argue that the third-party complaint fails to allege facts sufficient to invoke the trial court's equitable jurisdiction. In *People ex rel. Carpentier v. Goers* (1960), 20 Ill. 2d 272, this court held

that where a statute expressly authorizes injunctive relief to enforce the provisions of the statute, the general rules of equity requiring a showing of a lack of an adequate remedy at law and irreparable injury need not be shown. (*Goers*, 20 Ill. 2d at 276; see also *People v. Keeven* (1979), 68 Ill. App. 3d 91.) The Act expressly authorizes injunctive relief. Assuming that third-party relief is available, third-party plaintiffs need only allege and prove that third-party defendants violated a section or sections of the Act pursuant to which injunctive relief may be awarded. Third-party defendants contend, however, that the third-party complaint fails specifically to allege the scope, nature, and times of the alleged offenses, or in what manner the third-party defendants "allowed," "caused," and/or "disposed of" debris in violation of the Act. Third-party defendants assert that, in order to maintain an action against an off-site generator of waste, a complaint must allege that the generator exercised sufficient control over the source of the pollution.

We find that third-party defendants have misstated the standard for obtaining jurisdiction in an action in equity. In order to issue an injunction, a trial court must have jurisdiction over the person or persons affected, and the subject matter of the injunction. *In re Marriage of Presson* (1984), 102 Ill. 2d 303; *Slack v. City of Salem* (1964), 31 Ill. 2d 174.

With regard to third-party defendants' argument as to the sufficiency of the complaint seeking the injunction or other relief, we turn to prior cases which have interpreted the Act. The analysis applied by courts in Illinois for determining whether an alleged polluter has violated the Act is whether the alleged polluter exercised sufficient control over the source of the pollution. (See *Phillips Petroleum Co. v. Pollution Control Board* (1979), 72 Ill. App. 3d 217; *Meadowlark Farms, Inc. v. Pollution Control Board* (1974), 17 Ill. App. 3d 851;

*Alton & Southern Ry. Co. v. Pollution Control Board* (1973), 12 Ill. App. 3d 319; *United States v. A & F Materials Co.* (S.D. Ill. 1984), 578 F. Supp. 1249, 1259-60.) The cited cases address the sufficiency only of original complaints brought for violations of the Act. These cases do not, however, address the question of third-party relief. The question of the sufficiency of any third-party action must turn upon the established standards for obtaining third-party relief. Therefore, in determining the sufficiency of a third-party complaint seeking injunctive relief, the trial court must look to the standards governing contribution and indemnity, and then consider the regular rules regarding injunctive relief.

Next, third-party defendants assert that, assuming that third-party relief is available from an action brought pursuant to the Act, third-party plaintiffs have no legal basis upon which to maintain a claim against off-site generators of waste. Third-party defendants assert that to allow third-party plaintiffs to bring an action for third-party relief against generators of pollution would be tantamount to holding the third-party defendant generators strictly liable. We reject this argument, since we have found that the determination as to the propriety of a third-party complaint turns on whether the pleading properly seeks relief under an established method, namely, contribution or indemnity.

Third-party defendants also assert that recognition of third-party complaints in actions brought under the Act would subvert the regulatory and punitive force of the Act. Third-party defendants assert that the contemplated defendants under the Act are operators of illegal dump sites. Operators should not be able to shield themselves from liability under the Act by bringing in third-party defendants. Third-party defendants assert that the Environmental Protection Act, enacted in 1970, repealed two earlier provisions, namely, "An Act to prohibit open

garbage dumps or sites" (Ill. Rev. Stat. 1969, ch. 111½, par. 461 *et seq.*) and "An Act in relation to the registration and regulation of refuse and disposal sites and facilities and making an appropriation therefor" (Ill. Rev. Stat. 1969, ch. 111½, par. 471 *et seq.*). The titles themselves of the prior acts indicate that the legislature intended to regulate the kinds of activities in which the instant defendants/third-party plaintiffs are engaged. Third-party defendants also cite the language of section 2(b) of the Act (Ill. Rev. Stat. 1985, ch. 111½, par. 1002(b)), which provides, in relevant part:

> "(b) It is the purpose of this Act *** to establish a unified, state-wide program supplemented by private remedies, to restore, protect and enhance the quality of the environment, and to assure that adverse effects upon the environment are fully considered and borne by those who cause them." (Ill. Rev. Stat. 1985, ch. 111½, par. 1002(b).)

Third-party defendants contend that allowing third-party complaints would frustrate the goal of a unified State-wide system of enforcement and would unduly complicate actions brought under the Act.

We do not find third-party defendants' argument convincing. Section 2(b) of the Act does not state that only owners or operators of pollution sites may be liable, nor does section 2(b) exclude persons such as off-site generators of pollution from potential liability. Further, we do not find that the language of the titles of the former acts (Ill. Rev. Stat. 1969, ch. 111½, par. 461 *et seq.*; par. 471 *et seq.*) leads to third-party defendants' exclusionary reading of the scope and purpose of the current act. We decline here to make an affirmative determination regarding the legislative intent of the Act as a whole with regard to those classes of persons who are potentially liable for violations. Such a determination is beyond the scope of the issues presented here. We merely reject

third-party defendants' argument regarding the facts and circumstances presented in the instant appeal.

Third-party defendants also assert that cleanup costs under the Act are punitive in nature and therefore are not a proper basis for third-party relief. Third-party defendants contend that fines and civil penalties available under the Act are punitive in nature, and that cleanup costs are part of the entire scheme of punitive measures designed to ensure compliance with the Act. Further, third-party defendants contend that all alleged violations of the Act constitute willful and wanton conduct and therefore are not subject to contribution or third-party relief. Third-party defendants fail to cite specifically to any sections of the Environmental Protection Act.

First, we reject third-party defendants' assertion that all alleged violations of the Act constitute willful and wanton conduct, since we have found that willfulness and intent are not elements of a cause of action under the sections of the Act involved in the instant action. (See, *e.g.*, *Phillips Petroleum Co. v. Pollution Control Board* (1979), 72 Ill. App. 3d 217.) Further, we find third-party defendants' argument mischaracterizes the purpose of the award of civil penalties under the Act. The primary reason for section 42's authorization of civil penalties is to provide a method to aid in the enforcement of the Act. Any punitive considerations are secondary. *Southern Illinois Asphalt Co. v. Pollution Control Board* (1975), 60 Ill. 2d 204, 207; *City of Monmouth v. Pollution Control Board* (1974), 57 Ill. 2d 482, 490.

Cleanup costs, however, are not included as "penalties" under title XII of the Act (Ill. Rev. Stat. 1985, ch. 111½, pars. 1042 through 1045). The pleadings in the instant case do not clearly invoke any particular section of the Act to justify an award of cleanup costs. We note, however, that section 45(a) provides, in pertinent part,

that "[n]o existing civil or criminal remedy for any wrongful action shall be excluded or impaired by this Act." (Ill. Rev. Stat. 1985, ch. 111½, par. 1045(a).) Further, in addition to the civil penalties set forth in sections 42 through 45, the Act provides for other kinds of relief for violations. For instance, section 33(b) provides for a cease-and-desist order, revocation of a permit, and an order requiring the posting of a performance bond to assure correction of a violation. While "cleanup costs" are not expressly provided for in these sections of the Act, we decline to hold here that an award of cleanup costs would not be an available remedy for a violation of the Act under appropriate facts. Rather, we believe that such a determination is properly left to the trial court's discretion.

Finally, third-party defendants contend that recognition of third-party relief from an action brought pursuant to the Act would frustrate and circumvent the right to a healthful environment provided in section 2 of article XI of the Illinois Constitution, which provides:

> "Each person has the right to a healthful environment. Each person may enforce this right against any party, governmental or private, through appropriate legal proceedings *subject to reasonable limitation and regulation as the General Assembly may provide by law.*" (Emphasis added.) (Ill. Const. 1970, art. XI, §2.)

Third-party defendants point to the language of section 2 of article XI, which provides for limitations on a private person's exercise of enforcement rights. They assert that allowing third-party actions for violations of the Act would work to circumvent the enforceability of the Act, thereby depriving the citizenry of its right to a healthful environment. Third-party defendants note the absence (prior to the enactment of the January 1, 1991, amendment to section 45) of any provision in the Envi-

ronmental Protection Act allowing for third-party actions.

We find that allowing third-party complaints from actions brought pursuant to the Act, within the limitations set forth in this opinion, does not constitute a violation of section 2 of article XI of the constitution. We are not convinced, based upon the facts before us, that allowing such third-party actions would frustrate the enforceability of the Act. We find that the Environmental Protection Act fails to preclude third-party actions.

For the foregoing reasons, we affirm the judgment of the appellate court, which reversed the trial court's dismissal of the third-party complaint, and remand this matter to the trial court for further proceedings in accord with this opinion.

*Affirmed;*
*cause remanded.*

JUSTICE HEIPLE took no part or consideration in the decision of this case.